HELEN CYRAN, Appellant, *v.* FINLAY STRAUS, INC., Respondent, et al., Defendants.

Argued March 5, 1951; decided June 1, 1951.

*Louis P. Goldberg* and *Sebastian Leone* for appellant.   I. The allegations contained in the first and fourth causes of action constitute a libel per se and allegations of special damages are unnecessary.   (*Keating* v. *Conviser,* 219 App. Div. 836, 246 N. Y. 632; *Neaton* v. *Lewis Apparel Stores,* 267 App. Div. 728; *Katapodis* v. *Brooklyn Spectator, Inc.,* 287 N. Y. 17; *Bennet* v. *Commercial Advertiser Assn.,* 230 N. Y. 125; *Sydney* v. *MacFadden Newspaper Pub. Corp.,* 242 N. Y. 208; *Triggs* v. *Sun Print. & Pub. Assn.,* 179 N. Y. 144; *Wells* v. *Belstrat Hotel Corp.,* 212 App. Div. 366.)   II. Some of the publications contained in the complaint charge plaintiff with the commission of a crime and therefore are libelous per se.   (*Dooley* v. *Press Pub. Co.,* 170 App. Div. 492, 224 N. Y. 640.)   III. The question whether the allegation in the complaint can be interpreted to hurt plaintiff's reputation and thus hold her up to ridicule and disgrace is within the province of the jury.   (*Mencher* v. *Chesley,* 297 N. Y. 94; *Balabanoff* v. *Hearst Consolidated Publications,* 294 N. Y. 351; *Katapodis* v. *Brooklyn Spectator, Inc.,* 287 N. Y. 17; *Neaton* v. *Lewis Apparel Stores,* 267 App. Div. 728; *Tracy* v. *Kline & Son,* 274 App. Div. 149; *Keating* v. *Conviser,* 219 App. Div. 836.)

*George H. Klein* for respondent.   I. The innuendoes pleaded and the innuendoes argued cannot enlarge the matter set forth in the alleged libelous communication.   (*Hays* v. *American*

*Defense Soc.,* 252 N. Y. 266; *Waldron* v. *Time, Inc.,* 83 N. Y. S. 2d 826; *National Variety Artists, Inc.,* v. *Mosconi,* 169 Misc. 982; *O'Connell* v. *Press Pub. Co.,* 214 N. Y. 352.) II. The first cause of action was properly dismissed as insufficient on its face. (*Moore* v. *Francis,* 121 N. Y. 199; *Keating* v. *Conviser,* 219 App. Div. 836, 246 N. Y. 632.) III. The alleged defamatory matter is not libelous per se. (*O'Connell* v. *Press Pub. Co.,* 214 N. Y. 352; *Rosenberg & Sons* v. *Craft,* 182 Va. 512; *Neaton* v. *Lewis Apparel Stores,* 267 App. Div. 728; *Birkmier* v. *Uneeda Jamaica, Inc.,* 259 App. Div. 924.) IV. The fourth of action, for conspiracy to libel, was properly dismissed as insufficient on its face. (*Loewinthan* v. *Beth David Hosp.,* 9 N. Y. S. 2d 367.)

LOUGHRAN, Ch. J. In her complaint herein, the plaintiff Helen Cyran alleges four causes of action. There are three defendants. The first cause of action is for libel and is brought against Finlay Straus, Inc., as sole defendant. The second and third causes of action stand unchallenged in this record and consequently will be disregarded. The fourth cause of action repeats the gist of the first cause and goes on to charge all three defendants with a conspiracy to publish a libel against the plaintiff.

The defendant Finlay Straus, Inc., moved at Special Term for an order dismissing the first and fourth causes of action on the ground of insufficiency. Special Term denied that motion, but upon appeal by the defendant Finlay Straus, Inc., to the Appellate Division, the order of Special Term was reversed on the law and facts and the first and fourth causes of action were dismissed by a judgment which the plaintiff has now brought here for review. The only defendant appearing as a respondent in this court is Finlay Straus, Inc.

The first cause of action (without alleging any special damage) sets forth the following items of fact: On October 9, 1947, the plaintiff purchased on credit from the defendant Finlay Straus, Inc., a wrist watch for $75.79 and paid that price in installments, the last of which was received by the defendant Finlay Straus, Inc., from the plaintiff on February 10, 1949. No other transaction ever took place between the parties. Finlay Straus, Inc., after it had been paid in full by the plaintiff, sent or caused to be sent to her ten writings demanding remittance

of a balance stated to be $57.07. None of these writings was mailed to the plaintiff at her own residence and none was received directly by her; each writing was addressed to her in care of a relative or friend with whom she did not reside; each was enclosed in an unsealed envelope and was read by the person to whom it was delivered and by whom it was forwarded to the plaintiff. The defendant Finlay Straus, Inc., also caused a collecting agency to send to the plaintiff's employer on January 20, 1950, a false written assertion that the plaintiff's " delinquent account " with the defendant Finlay Straus, Inc., was almost two years overdue. This circulation among friends, relatives and business associates of the plaintiff of a false written charge that she had long been delinquent in paying a small debt was, as we see it, at least capable of a defamatory construction and, that being so, it is for a jury to say whether she was thereby held up to contempt, ridicule or disesteem (*Bennet* v. *Commercial Advertiser Assn.*, 230 N. Y. 125, 127). The actionable quality of the writings as libels is not in any degree diminished by the circumstance that the false accusation did not reflect upon the plaintiff in respect of her employment (*Sanderson* v. *Caldwell*, 45 N. Y. 398, 405–406). Hence the first cause of action should not have been dismissed.

As we have said, the fourth cause of action repeats the substance of the first cause. The Appellate Division dismissed the fourth cause because that court held the first cause to be insufficient in law. Since we reach a contrary conclusion in respect of the sufficiency of the first cause, the fourth cause must also be reinstated as against the defendant Finlay Straus, Inc.

The judgment of the Appellate Division should be reversed and the order of Special Term affirmed, with costs in this court and in the Appellate Division.

Lewis, Conway, Desmond, Dye, Fuld and Froessel, JJ., concur.

Judgment accordingly.