JOSEPH L. BRANDT, Respondent, *v.* WALTER WINCHELL et al., Appellants.

First Department, February 16, 1954.

*Gilbert H. Weil* for respondent.

*Clifton Cooper* of counsel (*Ernest Cuneo, E. Raymond Shepard* and *George Ainsworth, Jr.,* with him on the brief; *Baldwin, Todd, Herold, Rose & Cooper* attorneys), for Elmer H. Bobst, appellant.

*Ernest Cuneo* for Walter Winchell and John H. Teeter, appellants.

CALLAHAN, J. The complaint alleges two causes of action which are alike, except that the first is pleaded against the defendant Winchell alone and the second reiterates the same allegations in charging a conspiracy against all three defendants to injure the plaintiff.

The defendants have separately moved to dismiss the complaint for insufficiency, or relief in the alternative.

The first cause of action may be summarized as alleging that the defendant Winchell, who is a reporter, columnist and radio commentator, is also interested in soliciting funds for the Damon Runyon Memorial Fund for Cancer Research, Inc.; that in October, 1949, the plaintiff helped to organize Cancer Welfare Fund, Inc., which also collects funds for relief of cancer; that the defendant embarked on a wanton and malicious plan with intention to harm the plaintiff by destroying Cancer Welfare Fund and thus destroying the plaintiff's ability to participate in its work or any similar enterprise; that the defendant's purpose was to eliminate Welfare and the plaintiff as competitors; and that in carrying out said plan and scheme the defendant performed acts of the following nature: (a) Instigating base-

less, but harassing investigations of the plaintiff and his business by law-enforcement agencies, (b) fomenting criminal proceedings against the plaintiff, (c) registering false complaints with governmental departments resulting in loss of the plaintiff's pistol permit and his private detective's license, and (d) falsely and maliciously accusing the plaintiff of fraud, embezzlement, cheating, dishonesty, incompetency, etc. It is further alleged that as a result of the aforementioned acts the plaintiff was deprived from 1950 to date of earnings of $200 a week; that his ability to earn a livelihood was destroyed and his reputation demolished; that he has been held up to public contempt and hatred and has been compelled to undergo the expense of defending a trial on criminal charges and appeal; that he has been incarcerated and subjected to an injunction against engaging in legitimate business; and that he has suffered shame and other forms of mental anguish, for all of which specified damages are demanded.

Thus it will be seen that the first cause of action contains allegations of temporal injury resulting in special damage in the loss of specific earnings as the result of the plaintiff's being driven out of his employment by the defendants' alleged malicious acts without justification. It also charges four classes of malicious acts, which have some resemblance to certain traditional torts, such as business defamation by libel or slander, malicious prosecution, etc.

The first cause of action, however, fails to set forth some of the elements required for the pleading of the specific traditional torts mentioned, such as the failure to recite the text of the language of the defamatory statements, or to show the final determination of any criminal prosecution in the plaintiff's favor, etc. The complaint also omits any of the applicable dates as to the specified wrongful acts, except to say that they occurred shortly after October, 1949. This action was commenced on October 14, 1952.

If the traditional torts of libel, slander and malicious prosecution were intended to be relied on, they might be barred by the Statute of Limitations (Civ. Prac. Act, §§ 50, 51).

The plaintiff asserts in his brief that he intends to plead only a single cause of action on the so-called "prima facie tort" theory of temporal damage without justification. He says that he is endeavoring to set forth the damages alleged in the complaint as flowing from the total plan or scheme of the defendant, which included the particularized wrongful acts or conduct aforesaid, and that it was this general plan or scheme which

resulted in his being put out of business. His contention is that the Statute of Limitations applicable to such "prima facie tort" is ten years as provided in section 53 of the Civil Practice Act.

The defendant, on the other hand, contends that the complaint should be dismissed for insufficiency, or that each claim of tort whether "prima facie" or traditional should be separately stated and numbered as a distinct cause of action. It is urged that the complaint is in general and conclusory form, and that it does not merely allege the special damage of loss of business, but sets forth items of damage such as injury to reputation and feelings, expenses in defending against a criminal charge, etc. These damages are said to have no relation to any loss of contractual advantages ordinarily constituting the injury that flows from the "prima facie tort", but would seem to be the usual type of damages attributable to recognized or traditional torts.

The action to recover damage for a "prima facie tort" is, in effect, an action on the case, and damage is a necessary element of such a cause of action. The injury is ordinarily to trade, occupation, professional reputation or property, and generally comprehends interference with some form of contractual relation (52 Col. L. Rev. 508).

Thus, it would appear that the defendant's contentions are correct. If this is an action for a "prima facie tort", many items of damage set forth in the complaint would seem to be foreign to such an action. It may also be observed that many of the allegations are conclusory in nature.

Giving the allegations of the first cause of action the benefit of all favorable inferences, we think that it is legally sufficient (see *Advance Music Corp.* v. *American Tobacco Co.*, 296 N. Y. 79; *American Guild of Musical Artists* v. *Petrillo*, 286 N. Y. 226; *Opera on Tour* v. *Weber*, 285 N. Y. 348; *Al Raschid* v. *News Syndicate Co.*, 265 N. Y. 1, and *Rourke* v. *Elk Drug Co.*, 75 App. Div. 145; see, also, *Original Ballet Russe* v. *Ballet Theatre*, 133 F. 2d 187). But, quite apparently, it contains much more than a plain and concise statement of the material facts as required under the general rules of pleading (see Civ. Prac. Act, § 241).

If the plaintiff only intends to rely on the "prima facie tort" theory in this case, he should confine his pleading to allegations of fact and averments of special damage limited to this tort and eliminate any statement of wrongdoing and injury appropriate to one or more of the traditional torts.

If, on the other hand, the plaintiff intends to add a claim for damages based on any of the traditional torts, each such tort

should be pleaded as a separate cause of action and the resultant damage or injury separately stated. It is only by a complaint of this nature that the defendant may be able to test the sufficiency of the pleading or move with respect to the complaint on the basis of the Statute of Limitations. The complaint should only allege the ultimate facts constituting each separate wrong, and not legal conclusions. The operative dates as to each tort should be pleaded in each instance (*Al Raschid* v. *News Syndicate Co., supra*).

The second cause of action sounding in conspiracy against all three defendants depends on the first count alleged in the complaint and is governed by its disposition herein.

The orders appealed from should be modified by granting the respective motions of the defendants to the extent of dismissing the complaint, with leave to the plaintiff to plead anew in accordance with the views expressed in this opinion. The defendants may plead or otherwise move with respect to any new complaint as they may be advised.

PECK, P. J. (dissenting). I agree with all the statements and observations in the opinion of the court except the view expressed that the allegations of the complaint, given the benefit of all favorable inferences, add up to a cause of action.

A complaint based upon the alleged intentional infliction of temporal damage would have to show that the alleged damage stemmed from wrongful action of the defendant. Malicious intent alone without wrongful action would not constitute a cause of action. In my view, this complaint fails to show any wrongful action by defendant Winchell although it attributes a malicious intention to him. Indeed, it seems clear that any allegation of wrongful action is negatived by the allegations showing insulating action taken by governmental authorities upon their own authority and responsibility which occasioned the damage complained of.

There are only four allegations of operative misconduct on defendants' part. The first is the alleged instigation of investigations of plaintiff by various government agencies. While it is alleged the investigations were "baseless", nevertheless it is made clear that defendant consented to an injunction against his activities. Having entered into this solemn agreement with the Attorney-General of the State of New York, I think that plaintiff is not entitled to a judicial review of it or to claim that it was unwarranted or baseless or initiated maliciously by plaintiff.

The second specified item of wrong is a criminal action against plaintiff "influenced" by Winchell. Again, it is to be noted that this action was taken by governmental authority and there is no indicated lack of basis for it. On the contrary, plaintiff was convicted. Although there was a reversal, it was not upon the ground that the action was unfounded, but rather on account of action of the trial judge.

The third specification is of a similar nature, alleging that Winchell registered false complaints against plaintiff with the police department and the commissioner of licenses, but again the damage to plaintiff resulted from these authorities taking away plaintiff's pistol permit and private detective's license. There is nothing to suggest that they did not act upon due inquiry and in the proper exercise of their duty and on their own responsibility.

The fourth specification of slander is wholly unsupported by any facts.

If we sustain this complaint we would involve the court in the untenable position of trying out in private litigation the public acts of the Attorney-General, District Attorney, police department and commissioner of licenses of the City of New York. It is not alleged that these authorities were in any conspiracy with Winchell or even misled or imposed upon by him. There is nothing in the complaint to show that they did not make a critical study of any charges which Winchell may have lodged with them or did not fairly and properly reach the conclusion that the charges were sustained or did not act properly and responsibly in respect to plaintiff. The responsible action of public authorities cannot be turned into a cause of action against their informant by alleging that he was maliciously inspired.

The complaint gives sufficient indication that the action should not be entertained to warrant dismissal, without leave to amend.

DORE and BOTEIN, JJ., concur with CALLAHAN, J.; PECK, P. J., dissents in opinion in which COHN, J., concurs.

Orders modified in accordance with the opinion herein and, as so modified, affirmed. Settle order on notice. [*See* post, p. 794.]