JOSEPH L. BRANDT, Respondent, *v.* WALTER WINCHELL et al., Defendants, and ELMER H. BOBST, Appellant.

First Department, June 14, 1955.

*Clifton Cooper* of counsel (*E. Raymond Shepard* and *George Ainsworth, Jr.,* with him on the brief; *Baldwin, Todd, Herold, Rose & Cooper,* attorneys), for appellant.

*Gilbert H. Weil* of counsel (*Alfred T. Lee* and *Kenneth E. Bergin* with him on the brief; *Gilbert H. Weil,* attorney), for respondent.

*Per Curiam.* When the prior complaint was before this court (283 App. Div. 338), we dismissed, with leave to replead, indicating the necessity for plaintiff to state by way of separate causes of action what, if any, traditional torts he complained of, and also to allege any prima facie torts by way of a distinct cause of action.

Plaintiff thereupon served the present amended complaint, which is again attacked for insufficiency, this time by defendant Bobst only. The amended complaint proceeds solely on the theory of prima facie tort. As we previously noted, damage is an essential element in a cause of action for prima facie tort and must be pleaded specially, for it consists of injury due to loss in plaintiff's occupation or business (see 283 App. Div. 338, 342).

The amended complaint alleges only two items of special damage (1) loss of salary of $200 a week paid plaintiff by Cancer Welfare Fund, Inc., and (2) loss of plaintiff's license to act as a private detective.

On the prior appeal the majority did not consider or discuss possible insulating effects of the injunction issued on complaint of the Attorney-General or the action of public officials on

plaintiff's damages, for the reason that it was impossible to tell whether such damages would be general or special until plaintiff disclosed whether or not his claims for injury would be based on the traditional torts.

Now that the case involves only the prima facie tort and is limited to special damages, we agree that the injunction judgment obtained by the Attorney-General and consented to by plaintiff would be a bar to the claim for loss of salary. The complaint concedes such judgment was obtained. Likewise, the complaint concedes that plaintiff's license as a detective was taken from him by the action of public authorities. Plaintiff has made no direct attack on the action canceling his license, and he may not attack it collaterally in this action any more than he may attack collaterally the injunction obtained by the Attorney-General on his consent.

We have considered whether the plaintiff might recover at least nominal damage on his present complaint, but have determined that he may not because actual damage is an element of his case.

The order appealed from should be reversed, with $20 costs and disbursements, and the complaint dismissed, without leave to replead.

PECK, P. J., COHN, CALLAHAN, BREITEL and BOTEIN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, the motion granted, and the complaint dismissed without leave to replead, and judgment is directed to be entered in favor of the defendant-appellant dismissing the complaint herein, with costs.