SOPHIE K. RUZA, Respondent, *v.* STANLEY W. RUZA et al., Appellants.

First Department, December 20, 1955.

*H. Jordan Lee* of counsel (*Nathan Weber* with him on the brief; *H. Jordan Lee,* attorney), for appellants.

*Lester Samuels* of counsel (*Milton C. Weisman* and *Harry Snetkin* with him on the brief; *Weisman, Celler, Allan, Spett & Sheinberg,* attorneys), for respondent.

BREITEL, J. Defendants moved to dismiss the complaint for legal insufficiency. Special Term denied the motion.

The complaint is substantially a running narrative. It relates a scheme, described as a conspiracy, to destroy the marital and financial status of plaintiff. The scheme is alleged to have been carried forward by plaintiff's stepsons and the corporation they and plaintiff's husband dominated. The husband and father is not a party to the action. This scheme is alleged to have been accomplished by a long series of acts. They range from the giving of advice, the secreting of assets, the willful contempt of court orders and injunctions, and the baseless institution of a criminal proceeding, to the imposition on plaintiff of the necessity for retaining counsel and bringing or defending a variety of litigations.

The allegations of the complaint fail to state a valid cause of action. To the extent that there is contained in the complaint, perhaps inadvertently, a cause of action for alienation of affections, such an action is barred by the provisions of article 2-A of the Civil Practice Act.

There is suggestion in the complaint of the existence of a cause or causes of action based upon, but not limited to, malicious prosecution, fraudulent conveyances, and secretion of assets or putting them beyond the reach of plaintiff. This

broad-gauged, scattered format is justified, plaintiff contends, because she is pleading a " prima facie tort ". But a bad complaint is not made good by the blanket assertion that it relies on the doctrine of " prima facie tort ". Where specific acts, recognized as tortious in the law, are asserted, the remedies lie only in the classic categories of tort. The mere fact that a series of tortious acts is part of a plan or scheme does not change the character of the liability or remedy, for traditional relief may, nevertheless, be available. There is, then, no occasion for invoking the doctrine of prima facie tort. This analysis was made patently clear in the leading case on prima facie tort (*Advance Music Corp.* v. *American Tobacco Co.,* 296 N. Y. 79, 84). This analysis was recently restated in this court. (*Brandt* v. *Winchell,* 283 App. Div. 338.) At that time this court stated (pp. 342–343):

" If the plaintiff only intends to rely on the ' prima facie tort ' theory in this case, he should confine his pleading to allegations of fact and averments of special damages limited to this tort and eliminate any statement of wrongdoing and injury appropriate to one or more of the traditional torts.

" If, on the other hand, the plaintiff intends to add a claim for damages based on any of the traditional torts, each such tort should be pleaded as a separate cause of action and the resultant damage or injury separately stated. It is only by a complaint of this nature that the defendant may be able to test the sufficiency of the pleading or move with respect to the complaint on the basis of the Statute of Limitations. The complaint should only allege the ultimate facts constituting each separate wrong, and not legal conclusions. The operative dates as to each tort should be pleaded in each instance ".

The key to the prima facie tort is the infliction of intentional harm, resulting in damage, without excuse or justification, by an act or a series of acts which would otherwise be lawful. The need for the doctrine of prima facie tort arises only because the specific acts relied upon — and which it is asserted caused the injury — are not, in the absence of the intention to harm, tortious, unlawful, and therefore, actionable. The remedy is invoked when the intention to harm, as distinguished from the intention merely to commit the act, is present, has motivated the action, and has caused the injury to plaintiff, all without excuse or justification.

Where, on the other hand, as appears from this complaint, reliance is apparently had only on specific unlawful and tortious acts, the remedy is not in prima facie tort. Then the remedy, if any, is in what was characterized in the *Brandt* case as

" traditional tort " and characterized in the quotation in the *Advance Music* case as the " categories of tort ". Thus, where specific torts account for all the damages sustained, whether provable as general damages or pleadable and provable as special damages, prima facie tort does not lie. (See the dismissal of the amended complaint in the second appeal in *Brandt* v. *Winchell,* 286 App. Div. 249.) Consequently, it is not surprising that the remedy need rarely be invoked, for the " categories of tort " are many, and development within the categories is progressive indeed. The doctrine, as noted in *Brandt* v. *Winchell* (283 App. Div. 338, 342, *supra*), has its greatest impact and value in the field of trade and business, and generally comprehends interference with some form of contractual relation.

The analysis discussed is not a return to precious distinctions among forms of action, nor does it represent a departure from liberal interpretation of pleadings. The fact is that the complaint in this case, by lumping a congeries of acts, tortious and nontortious, has failed to spell out the elements of any single cause of action, whether for fraudulent conveyance, malicious prosecution or any of the other wrongful-sounding acts charged to defendants. Inextricably wound into the allegations is a banned cause of action for alienation of affections. Moreover, in the form of the present pleading there is no way to determine the applicability of the several statutes and pleas in abatement, such as the Statute of Limitations, of which the defendants may wish to avail themselves.

The order denying the motion to dismiss the complaint for legal insufficiency should be reversed, with $20 costs and disbursements of the appeal to appellants, and the motion granted, with leave to replead. Settle order.

Peck, P. J., Bastow and Cox, JJ., concur.

Order denying the motion to dismiss the complaint for legal insufficiency unanimously reversed, with $20 costs and disbursements to the appellants, and the motion granted with leave to replead. Settle order on notice.

Republished decision, December 23, 1955.

Order denying the motion to dismiss the complaint for legal insufficiency unanimously reversed, with $20 costs and disbursements to the appellants, and the motion granted with leave to replead. Opinion by Breitel, J. Settle order on notice.*

Concur — Peck, P. J., Breitel, Bastow and Cox, JJ.

* Also printed, 1 A D 2d 669.