AMETCO, LTD., Respondent, v. KOITCHO BELTCHEV et al., Appellants.

First Department, May 27, 1958.

*Nicholas R. Doman* of counsel (*Doman & Van Hemstra*, attorneys), for appellants.

*Anthony B. Cataldo* for respondent.

STEVENS, J. This is an appeal by defendants from an order denying their motion to dismiss the complaint for legal insufficiency (Rules Civ. Prac., rule 106).

The defendants assert the complaint fails to state a cause of action for abuse of process as plaintiff contends, and argue further that the complaint cannot be sustained as an action for prima facie tort.

The plaintiff takes the position that each of the two causes of action set forth may be sustained on the principle of either abuse of process or willful tort or fraud.

The first cause of action alleges that these defendants as principal stockholder and president and attorney of Interim, Inc., intentionally, wrongfully and maliciously interposed an answer in a separate action brought by this plaintiff against Interim, Inc., and intentionally, wrongfully and maliciously addressed motions to the summons and complaint.

The second cause of action repeats the allegations of the first, and in addition charges these defendants conspired to defraud plaintiff and the court by knowingly, intentionally and unlawfully pleading a fraudulent release in such other action.

The plaintiff having instituted an action the defendants were clearly entitled to use the machinery of the law for the purpose for which it was intended; to wit, to interpose an answer and to make such motions addressed to the pleadings as they deemed necessary or advisable so long as they acted properly. And this

is true regardless of the motive which prompts the act. The gravamen of the misconduct is a perversion or abuse of legal process.

"It is not enough that the actor have an ulterior motive in using the process of the court. It must further appear that he did something in the use of the process outside of the purpose for which it was intended." "The gist of the action * * * lies in the improper use of process after it is issued." (*Hauser* v. *Bartow,* 273 N. Y. 370, 373, 374; cf. Restatement, Torts, § 682, Comment [a].) From the pleading before us that does not appear to have occurred here.

The wrong is committed "when the actor employs legal process in a manner technically correct, but for a wrongful and malicious purpose to attain an unjustifiable end or an object which it was not the purpose of the particular process employed to effect." (Harper and James on Torts, § 4.9, p. 330.)

The complaint clearly does not allege an abuse of process.

Nor does it set forth an action for malicious prosecution of civil proceedings, which is sometimes confused with an abuse of process. The defendants did not institute the afore-mentioned separate action in the first instance, and therefore cannot be charged with wrongful and unlawful issuance of process; nor has such proceeding, since it is not ex parte in nature, terminated favorably for plaintiff. On the contrary, the action is pending.

The plaintiff alleges and apparently relies on specific acts by the defendants, claimed to be tortious in nature, as constituting the alleged wrong for which it seeks redress.

"Where specific acts, recognized as tortious in the law, are asserted, the remedies lie only in the classic categories of a tort. * * * The key to the prima facie tort is the infliction of intentional harm, resulting in damage, without excuse or justification, by an act or series of acts which would otherwise be lawful. * * * The remedy is invoked when the intention to harm, as distinguished from the intention merely to commit the act, is present, has motivated the action, and has caused injury to plaintiff, all without excuse or justification." (*Ruza* v. *Ruza,* 286 App. Div. 767, 769, Breitel, J.; accord, *Brandt* v. *Winchell,* 283 App. Div. 338.)

"The injury is ordinarily to trade, occupation, professional reputation or property, and generally comprehends interference with some form of contractual relation (52 Col. L. Rev. 508)." (*Brandt* v. *Winchell, supra,* p. 342.)

The doctrine of prima facie tort is not applicable. Plaintiff's remedy, if any, is in traditional tort; although even under tradi-

tional tort some of the essential elements are omitted from the pleading before us.

Reducing this complaint to its barest essentials, the plaintiff's position seems to be that because a separate action instituted by it has not yet been reached for trial, presumably because the defendants interposed an answer and directed motions to its complaint, plaintiff should now be held to have a valid claim for damages. And this without a determination of the merits of plaintiff's claim or the validity of the defense interposed in such other proceeding. We know of no law supporting its position. The complaint fails to state a valid cause of action under any theory.

The order denying the motion to dismiss the complaint for legal insufficiency should be reversed on the law, with costs to the appellants and the motion granted.

BOTEIN, P. J., RABIN, McNALLY and BERGAN, JJ., concur.

Order unanimously reversed on the law, with $20 costs and disbursements to the appellants and the motion granted, with $10 costs, and the clerk is directed to enter judgment in favor of the defendants dismissing the complaint, with costs.