Matthew J. Jasen, J.
This is a motion for a temporary injunction.
This action is brought by the plaintiff, a partnership, for a temporary "and permanent injunction to enjoin and restrain the defendant union, an unincorporated association, from interfering with the business of the plaintiff and from picketing any of the offices, plants or other premises of plaintiff’s customers.
Plaintiff is licensed to engage in the business of a private investigator and the business of furnishing guards or patrolmen to protect persons and property for hire in the State of New York. Pursuant to such license, plaintiff is engaged in such business under a contract with Ernst Steel Corporation at two plants of that corporation located at Buffalo, New York, and at Cheektowaga, New York.
On February 3, 1960 the defendant caused pickets to appear at and patrol before the premises of Ernst Steel Corporation at both the above-stated addresses. The pickets carried signs bearing the legend: ‘ ‘ Edward J. Burke Investigation Bureau Unfair to Organized Labor U. P. G. W. A. Local 516 ’ ’.
Ernst Steel Corporation is not a party to this action. The complaint, however, alleges and the supporting affidavit shows that the picketing is interfering with the ingress and egress to the steel corporation’s premises and is interfering with and inducing other employees to refuse to pick up, deliver or perform services for the steel corporation. More important the steel corporation has informed plaintiff that, if the picketing does not cease, it will cancel its contract with plaintiff which will cause plaintiff irreparable damage.
The intent and purpose of the picketing is shown by a letter dated February 1, 1960 sent by the defendant to the plaintiff, a copy of which letter is annexed as Exhibit II to the affidavit of Walter Hamilton submitted in opposition to the motion. The affiant Hamilton in his affidavit states: “ that the sole purpose *913 of the picketing is as set forth in Exhibit II.” (Emphasis supplied.) The letter reads:
“ Please be advised that any picketing carried on by the undersigned labor organization is not for the object of either forcing or requiring your company to recognize or bargain with the undersigned labor organization, nor is it for the purpose of forcing or requiring the employees of your company to accept or select the undersigned labor organization as their collective bargaining organization.
“ The only object of the picketing is to protest certain acts on your part that have been committed within fairly recent months, relating to your arbitrary and unfair discontinuance of supplying guard services to Merritt-Chapman & Scott, Niagara Power Authority, which resulted in the complete and unreasonable frustration of our organizing efforts in connection with such personnel.” (Emphasis supplied.)
Clearly, there is no ‘1 labor dispute” involved here within the definition of that term contained in section 876-a of the Civil Practice Act. The defendant does not claim that there is a labor dispute involved under section 876-a.
The defendant maintains that the Ernst Steel Corporation and the plaintiff through its employees are engaged in interstate commerce and that a labor dispute exists between the plaintiff and the defendant under the Labor Management Relations Act of 1947 (Taft-Hartley Law, U. S. Code, tit. 29, § 141) and that the National Labor Relations Board has exclusive jurisdiction of the matter. Though Walter Hamilton in his affidavit submitted in opposition to the motion states that ‘ ‘ there is a labor dispute between plaintiff and defendant which has been more fully described hereinabove and the picketing is merely for the purpose of advertising that dispute ”, no labor dispute had been shown above by him. The alleged advertising purpose of the picketing is contrary to the purpose shown in the letter which this affiant had already stated was the “ sole purpose ” of the picketing.
Moreover, the Hamilton affidavit shows that there is no “ labor dispute ” or “ unfair labor practice ” involved within the meaning of those terms as defined in section 2 of the Taft-Hartley Law (U. S. Code, tit. 29, § 152). When an act or matter ' is neither forbidden nor protected by the Taft-Hartley Law that statute has no application and the National Labor Relations Board is without jurisdiction. (Goodwins, Inc. v. Hagedorn, 303 N. Y. 300; Pleasant Val. Packing Co. v. Talarico, 5 N Y 2d 40.)
*914 A labor union’s right of free speech and communication under the First and Fourteenth Amendments to the United States Constitution by picketing is not an unrestricted right to commit unlawful acts. (Carpenters Union v. Ritter’s Cafe, 315 U. S. 722, 727-728; Teamsters Union v. Vogt, 354 U. S. 284, 289.)
The letter sent by the defendant to the plaintiff and the affidavit of Walter Hamilton show that the picketing of plaintiff at the premises where its employees were performing its service contract was solely for punitive and unlawful purpose to injure the plaintiff financially without gain or profit to the defendant. This is clearly shown by the letter which provides that the “ only object of the picketing is to protest certain acts on your part that have been committed within fairly recent months ”. This picketing was for the purpose of retaliation over a matter which occurred at another locality several months before.
The defendant in picketing plaintiff is engaged in the commission of a prima facie tort. (Brandt v. Winchell, 283 App. Div. 338, 342; Ruza v. Ruza, 286 App. Div. 767, 769; Benton v. Kennedy-Van Sann Mfg. Corp., 2 A D 2d 27, 28.)
Plaintiff’s motion for a temporary injunction is granted. Settle order on notice.