Mario Pittoni, J.
Motion to dismiss the complaint under rule 106 of the Buies of Civil Practice as not stating facts sufficient to constitute a cause of action is granted.
The first cause of action is for alleged libelous statements in a complaint in an earlier action commenced by the defendant against the plaintiff in the District Court of Nassau County, and in an affidavit made in that action for the purpose of entering judgment. The statements were made in the course of a judicial proceeding and, from the complaint, were clearly relevant *107 thereto. Thus they were absolutely privileged. (Feldman v. Bernham, 6 A D 2d 498 [1st Dept.].) In any event, there is no factual allegation in the complaint showing that the statements were irrelevant. Such allegation is essential in the light of the fact that the statements were made in a legal proceeding. (Zefferer v. Campbell, 3 A D 2d 856 [2d Dept.].)
The second cause of action is for alleged abuse of process by defendant filing the summons and complaint, making the affidavit, entering judgment, causing a transcript thereof to be filed with the County Clerk and the issuance of a subpoena to a bank in supplementary proceedings, all in the same earlier District Court action. The allegation is that this was done maliciously, with knowledge that the claim had been previously paid. No cause is set forth. Here the defendant used legal process for the immediate purpose for which it was intended; it did not abuse legal process. (Hauser v. Bartow, 273 N. Y. 370.) Nor can this be viewed as malicious prosecution; there is no allegation of favorable termination (Halberstadt v. New York Life Ins. Co., 194 N. Y. 1). Nor can it be viewed as a prima facie tort (Rager v. McCloskey, 305 N. Y. 75; Brandt v. Winchell, 283 App. Div. 338). Motion is granted.