(January 29, 1962)

■ MEL ALPERT, Respondent, v. JOSEPH H. GORDON et al., Defendants, and JEROME SIMSON et al., Appellants.—

674

The first and second causes of action, the sufficiency of which was not questioned by said defendant, are based on the publication of an alleged false and defamatory writing. That writing is capable of being construed as holding plaintiff up to contempt, ridicule or disesteem; it is actionable without an allegation of special damages (*Cyran* v. *Finlay Straus, Inc.*, 302 N. Y. 486, 489; *Tracy* v. *Newsday*, 5 N Y 2d 134). The fourth cause of action was based on alleged false and defamatory oral statements by two defendants other than said defendants Simson and Adams (the appellants), and nothing is alleged which would foist liability on the defendants Simson and Adams for the alleged slanderous statements made by such other two codefendants. The fifth cause of action repeats the substance of the first four causes of action and then charges all of the five defendants with a conspiracy to publish a libel as well as to utter a slander against the plaintiff. We are of the opinion that the fifth cause of action should be dismissed for the following reasons: (a) the third cause of action was dismissed by the learned Special Term, and no appeal has been taken from such determination; (b) the fourth cause of action has been held by us to be insufficient; and (c) the charge in the fifth cause of action that all the defendants acted in concert and conspired to publish the alleged libel set forth in the first cause of action is embraced in the second cause of action and is, therefore, redundant and repetitious. The sixth cause of action repeats the substance of the first five causes of action and then alleges that all of the defendants conspired and acted together to intimidate the plaintiff and to force him to resign from membership in a club in which the defendants were members, thus causing him to suffer mental pain, anguish and humiliation. It is apparent that under the sixth cause of action the plaintiff's claim is that the alleged libelous and slanderous statements referred to in the first five causes are only the background for the plaintiff's basic grievance in such sixth cause: i.e., the intimidation and the attempt to force him to resign from the club. The parties on this appeal consider the sixth cause of action to be based on prima facie tort. "Damage is essential in a cause of action based on prima facie tort and must be pleaded specially" (*Glaser* v. *Kaplan*, 5 A D 2d 829; *Brandt* v. *Winchell*, 283 App. Div. 338; *Brandt* v. *Winchell*, 286 App. Div. 249, affd. 3 N Y 2d 628). In our opinion, the sixth cause is insufficient since special damages are not pleaded. Our recent case (*Halio* v. *Lurie*, 15 A D 2d 62) is distinguishable. In *Halio*, it seems that the sole object of the defendant's conduct was to humiliate, embarrass and cause the plaintiff to suffer serious mental distress. Moreover, a cause of action based on an alleged prima facie tort is insufficient when the basic allegations therein are the grounds for a traditional cause of action such as libel which has been pleaded (*Kaplan* v. *K. Ginsburg, Inc.*, 8 A D 2d 726). Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.