METROMEDIA, INC., Respondent, *v.* H. ROBERT MANDEL et al., Appellants, et al., Defendant.

First Department, May 19, 1964.

*Copal Mintz* of counsel (*Jesse Friedman* with him on the brief; *Friedman, Sobell, Moses & Seltzer,* attorneys), for appellants.

*George A. Katz* of counsel (*Theodore Gewertz* with him on the brief; *Seligson & Morris,* attorneys), for respondent.

STEVENS, J. This is an appeal and cross appeal from an order entered January 17, 1964 which denied defendants' motion to dismiss the complaint for insufficiency and for summary judgment, and which denied plaintiff's cross motion to dismiss defendants' second and fourth affirmative defenses.

Plaintiff alleges that on June 23, 1961 it entered into a contract wth Abingdon Realty Fund (herein Abingdon), a partnership composed of defendants-appellants, for the sale and leaseback of certain property in Jackson County, Missouri, for an agreed price of $1,500,000. A deposit of $150,000 was paid

at the signing of the agreement. On November 15, 1961 Central Street Realty Corporation (herein Central), a New York corporation, was formed by defendants-appellants (herein defendants) and on November 17, 1961 the contract of purchase was transferred to Central. Plaintiff claims the transfer was for the purpose of delaying and defrauding plaintiff. Plaintiff alleges it tendered performance in accordance with the contract, on the closing date, November 24, 1961. No objection was made to such tender, but Central was unable to complete the contract, made no tender of performance, and defaulted. When plaintiff refused to extend the time, return the down payment or provide new terms, defendants threatened they would cloud plaintiff's title to the property and tie it up in litigation. In furtherance of the scheme and with intent and for the purpose of injuring the plaintiff, defendants, on November 30, 1961, caused Central to commence an action in Missouri against plaintiff by filing of a " Petition for Enforcement of Vendee's Lien " and caused to be filed there a notice of *lis pendens* claiming a lien on the property. All of such acts allegedly were done willfully, wrongfully and maliciously, without just cause, to cloud the title to and hinder the sale of such property.

December 15, 1961 plaintiff had the *lis pendens* cancelled by appropriate legal action. December 19, 1961 the property was sold for $1,350,000.

In the first cause of action plaintiff seeks damages of $195,000 and under the second cause plaintiff seeks punitive damages of $100,000 for disparagement of title by the filing and recording of the *lis pendens*.

Defendants in their amended answer deny generally the allegations except admit institution of the action in Missouri and cancellation of the *lis pendens* by filing of a surety bond in the amount of $150,000. Defendants plead certain affirmative defenses. (1) They allege the contract gave them the right to assign the agreement to a corporation to be formed and in accordance therewith Central was formed, the contract assigned to it, and defendants relieved of any liability except with respect to the $150,000 deposit. (2) Defendants assert time was not of the essence and the broker failed to obtain the necessary funds or a first mortgage loan so title could be closed. The Missouri action was thereafter commenced and the *lis pendens* filed, in good faith. The necessary documents prepared and filed in that judicial proceeding, which is still pending, were material and pertinent to Central's claim and therefore privileged. (3) The counterclaims by plaintiff in the Missouri action are identical with the two causes of action in the present complaint,

except in the Missouri action $25,000 is sought on the first counterclaim and $25,000 actual and $25,000 punitive damages are sought on the second counterclaim. (4) Title tendered was defective and unmarketable because of a lien for unpaid taxes, etc.

After the joinder of issue defendants moved to dismiss the complaint for insufficiency pursuant to 3211 Civil Practice Law and Rules and for summary judgment pursuant to 3212 Civil Practice Law and Rules. That motion was denied and the defendants appeal therefrom. Meantime plaintiff had cross-moved for certain relief and now appeals particularly from the denial of its motion to dismiss the fourth affirmative defense. Plaintiff considers and refers to its first cause of action as based on prima facie tort and the second cause as based on slander or disparagement of title. In reality the two causes are of one pattern and in essence allege a single wrong.

" The key to the prima facie tort is the infliction of intentional harm, resulting in damage, without excuse or justification, by an act or series of acts which would otherwise be lawful." " Where specific acts, recognized as tortious in the law, are asserted, the remedies lie only in the classic categories of tort." (*Ruza* v. *Ruza,* 286 App. Div. 767, 769; *Knapp Engraving Co.* v. *Keystone Photo Engraving Corp.,* 1 A D 2d 170, 172; *Brandt* v. *Winchell,* 283 App. Div. 338, *id.* 286 App. Div. 249; Forkosch, An Analysis of the Prima Facie Tort Cause of Action, 42 Cornell L. Q. 465 [1957].) We cannot now determine on the conflicting assertions whether or not the acts which occurred in Missouri were justified in an attempt to properly protect defendants' interest, or whether defendants used a lawful means, without excuse or justification, with the primary intention of inflicting harm on plaintiff. Moreover, the allegation of specific tortious acts would tend to remove this from the category of prima facie tort.

The possible alternatives in consideration of the pleading are abuse of process or malicious prosecution. " The gist of the action for abuse of process lies in the improper use of process after it is issued. To show that regularly issued process was perverted to the accomplishment of an improper purpose is enough." (*Dean* v. *Kochendorfer,* 237 N. Y. 384, 390.) " The distinctive nature of an action for malicious abuse of process, as compared with an action for malicious prosecution, is that it lies for the improper use of process after it has been issued, not for maliciously causing process to issue." (*Silverman* v. *Ufa Eastern Division Distr.,* 135 Misc. 814, 816.)

Whatever might have been the motive or intent of defendants in causing the *lis pendens* to issue, it cannot now be concluded that its use, in light of the action, was a perversion of process for an unlawful purpose. If there was wrong in the issuance of the process and malicious interference with the property of the plaintiff so as to constitute malicious prosecution, that can only be determined after trial of the action in Missouri (*Dean* v. *Kochendorfer, supra*; *Lobel* v. *Trade Bank of N. Y.*, 132 Misc. 643). The pleading would have to claim interference with person or property in connection with the bringing of the civil action, or by injunction, attachment, arrest or other provisional remedy (cf. *Sachs* v. *Weinstein*, 208 App. Div. 360). Moreover, if the contents of the petition and *lis pendens* in Missouri were relevant and pertinent to the judicial proceeding there, the question arises if such material is privileged. And this is true regardless of the motives of the defendants. (*Youmans* v. *Smith*, 153 N. Y. 214.) Of course there may be bad faith or fraud in the carrying out as well as in the making of a contract (*Falk* v. *Goodman*, 7 N Y 2d 87), but again that can only be determined upon a trial of the action in Missouri. This court cannot now conclude that the contents are not relevant and pertinent. (See *Seltzer* v. *Fields*, 20 A D 2d 60.) If plaintiff has suffered a wrong there is little doubt the law will afford a remedy. We have not attempted to pass upon remedies which may exist, we have merely addressed ourselves to the pleadings before us.

The order, insofar as defendants appeal therefrom, should be modified on the law and the facts, and the defendants' motion to dismiss the complaint granted, with costs, but without prejudice to any further action plaintiff may be advised to take. The cross appeal of plaintiff should be dismissed as academic in light of the disposition heretofore made.

BREITEL, J. P., McNALLY, EAGER and STEUER, JJ., concur.

Order, entered on January 17, 1964, unanimously modified, on the law and on the facts, to the extent of granting defendants' motion to dismiss the complaint, with $10 costs, and, as so modified, the order is affirmed, with $20 costs and disbursements to the defendants-appellants-respondents. This disposition is without prejudice to any further action plaintiff may be advised to take.