Harold E. Foreman, J.
Defendants move to dismiss the causes of action alleged in the complaint on the ground that they fail to state a cause of action, and on the further ground that certain necessary parties have not been joined as defendants.
Plaintiff sets forth three alleged causes of action, and in each of them alleges that this action is brought pursuant to .section 1501 of article 15 of the Real Property Actions and Proceedings Law and the common law to compel the determination of claims to, and to .secure cancellation of certain interests affecting its real property. The first cause of action contains allegations relating to the estate and interest of plaintiff in the real property which is the subject of this action, and allegations *1002 concerning certain written agreements between the plaintiff and the named defendants. It also alleges acts of wrongdoing on the part of defendants which include conduct designed to do injury to plaintiff’s resort business, malicious prosecution and business and personal defamation, which .the complaint alleges have impugned the integrity of plaintiff and its management and was designed to destroy plaintiff’s good will, disparage its reputation and injure its business. In the second- cause of action, after repeating the allegations of the first cause, plaintiff alleges that the wrongful conduct complained of constitutes a libel land slander of the business and management of plaintiff aMd a tort prima facie, and, as a result, plaintiff alleges it was damaged to the extent of $1,000,000. The third cause of action again realleges the matters set forth in the first cause and seeks :a determination barring all defendants from any right or claim to an interest in plaintiff’s real property. The action is brought against the named defendants Alfred F. Smiley, Ruth H. Smiley and the ‘ ‘ Descendants ’ ’ of said defendants. In their answer the named defendants have asserted four affirmative defenses and two counterclaims.
'Considering first the question of whether the action may proceed without naming additional parties as defendants, plaintiff contends that the allegations that descendants of the named defendants are an indeterminate class of individuals which cannot be fully defined, and that the judgment may affect the rights of minors, persons not in being or unknown persons, and the request that a guardian ad litem be appointed to represent the rights of .such persons including the descendants, are a sufficient compliance with the requirements of article 15 of the Real Property Actions and Proceedings Law. Plaintiff asserts that it would be impossible to identify the members of this class because members of a family continually produce additional “ descendants ”, and plaintiff contends further that ■if any member of this family claiming an interest wishes to be heard they may move to intervene.
Section 1513 of the Real Property Actions and Proceedings Law requires the appointment of a guardian ad litem before final judgment where a future interest in the affected real property has been so limited that as yet there are neither certain nor presumptive owners thereof in being or ascertained. That statute has no application to the requirements of a complaint in an action brought under article 15. Section 1515 (subd. 1, par. c) of the Real Property Actions and Proceedings Law states that the complaint in such an action must set forth facts showing whether any defendant is known or unknown and *1003 whether any is or might be an infant, idiot, lunatic or habitual drunkard. Paragraph d of the same statute requires that facts be stated showing whether judgment will or might affect a person or persons not in being or ascertained when the action is commenced, who by any contingency could afterward become entitled to a beneficial interest in the property, and whether every person in being who would have been entitled to such estate or interest if such event had happened immediately before the action was commenced is named as a party thereto. The defendants named have set forth the names of some 19 persons who are members of their family who claim an interest in the subject real property and whose whereabouts are known. It is clear that the complaint does not state facts to meet the requirements of article 15, and that the action could not proceed without joining additional necessary parties defendant, and it is legally insufficient in those respects.
As to the sufficiency of the causes of action based on the alleged wrongful acts of the defendants, as previously noted, the complaint alleges that their conduct constitutes a libel and slander of the business and management of plaintiff and a tort prima facie. As to its failure to plead the particular defamatory language used by defendants, or the dates of the occurrence of the alleged wrongful acts, or any special damages resulting therefrom, plaintiff maintains that to characterize the cause of action as one for libel and slander “ misses the point ”. Plaintiff contends that it has sufficiently pleaded a cause of action for a prima facie tort by alleging a deliberate course of conduct on the part of defendants successfully designed to injure plaintiff, and that such acts, without justification, constitute an injury for which relief is available, as was recognized in Advance Music Corp. v. American Tobacco Co. (296 N. Y. 79). In this connection it should be pointed out that the reality and the essence of the action is to be sought out and not the name or designation of the cause of action appended to it by the pleader. (Morrison v. National Broadcasting Co., 19 N Y 2d 453.)
While it is true that the courts recognize a right of action for ‘1 prima facie tort ’ ’, it has been held repeatedly that the pleading in such an action should be confined to allegations of fact and averments of special damage limited to the alleged prima facie tort, and should not allege claims based on the traditional categories of tort which are legally insufficient as causes of action in traditional torts. (Brandt v. Winchell, 283 App. Div. 338; 286 App. Div. 249, affd. 3 N Y 2d 628; Alpert v. Gordon, 15 A D 2d 673; Glaser v. Kaplan, 5 A D 2d 829; Metromedia, Inc. v. Mandel, 21 A D 2d 219, affd. 15 N Y 2d 616; Danko v. *1004 Woolworth Co., 29 A D 2d 855; Squire Records v. Vanguard Recording Soc., 25 A D 2d 190, affd. 19 N Y 2d 797.) Any allegation of wrongdoing and injury appropriate to one or more of the traditional torts should be eliminated if the complaint is to stand as one based upon prima facie tort, and if damages claimed are based on any traditional torts, each such tort should be pleaded as separate causes of action and the resultant damage and injury should be separately stated. (Brandt v. Winchell, supra). Since plaintiff has not shown that it suffered any actual temporal damage or .special damages, the cause of action for prima facie tort is insufficient. The complaint is dismissed in all respects, with leave to plaintiff to replead, if so advised, and serve an amended complaint within 20 days after service of the order to be entered herein with notice of entry.