Nathan George **HORWITT**, Plaintiff,

v.

**MOVADO WATCH AGENCY, INC.,**
**Defendant.**

**No. 71 Civ. 5537.**

United States District Court,
S. D. New York.

March 12, 1974.

**6**

See also, D.C., 364 F.Supp. 687.

———◆———

Eleanor Jackson Piel, New York City, for plaintiff.

Unterberg, Bandler & Goldstein, New York City, for defendant.

## MEMORANDUM

LASKER, District Judge.

Although Rule 15, Federal Rules of Civil Procedure, states that leave to amend "shall be freely given when justice so requires", the instant motion must be denied because the proposed additional causes of action fail to state claims under New York law.

■ The first claim is deficient since it does not allege the existence of a clearly valid contract, the procuring of an actual breach of the contract, or actual damages. Israel v. Wood Dolson Co., Inc., 1 N.Y.2d 116 at 120, 151 N.Y. S.2d 1, 134 N.E.2d 97 (1956). The contract referred to appears to be a royalty agreement. The design patent from which the royalties derive was issued in 1959. Section 173 of Title 35, U.S.C. sets a 14 year maximum term for design patents. It is, therefore, to be presumed that plaintiff's patent has expired. If this be the case and if, as plaintiff alleges in the proposed amendment to the complaint, royalties are still payable to him, a serious question would exist as to the validity of the agreement. While there may be cases where such post termination payments are permissible as

true deferred compensation, nevertheless, the general rule is that:

"... any attempted reservation or continuation in the patentee or those claiming under him of the patent monopoly, after the patent expires, whatever the legal device employed, runs counter to the policy and purpose of the patent laws." Scott Paper Co. v. Marcalus Co., 326 U.S. 249, 256, 66 S.Ct. 101, 104, 90 L.Ed. 47 (1945) quoted with approval in Brulotte v. Thys Co., 379 U.S. 29, 32, 85 S.Ct. 176, 13 L.Ed.2d 99 (1964).

 This deficiency alone might not be fatal since the motion to amend could be granted on condition that plaintiff plead and establish the permissibility of the post expiration payments and the validity of the contract. However, the first proposed additional claim is insufficient in any event since it does not allege that the contract referred to has been breached or terminated. Finally, and most important, the proposed amendment fails to allege that the plaintiff has been damaged by the attempted interference with his right to royalties. The claim that "... Gerard Ditishein ... attempted to interfere with said agreement ... by informing [Miller] that he should not pay commissions to plaintiff to plaintiff's damage in a sum now unknown" does not by any construction allege that the plaintiff has actually been damaged by the attempt. Nor can plaintiff fall back on the pleading theory of prima facie tort, because "... when the acts relied on", as they do here, "give rise to specific torts recognized by law, then plaintiff's remedy lies in those 'classic' categories, and may not be bottomed in prima facie tort." Harris Diamond Co. v. Army Times Publishing Company, 280 F.Supp. 273, 275 (S.D.N.Y.1968) citing Ruza v. Ruza, 286 App.Div. 767, 146 N. Y.S.2d 808 (1st Dept.1955) and Brandt

v. Winchell, 283 App.Div. 338, 127 N.Y. S.2d 865 (1st Dept.1954).

 The second new claim (Paragraph 20 of proposed Amended Complaint) which appears to sound in defamation, is also insufficient because it fails to allege that the contents of the advertisement described were defamatory or untrue, Dolcin Corporation v. Reader's Digest Ass'n, Inc., 7 A.D.2d 449, 454, 183 N.Y.S.2d 342, 347–348 (1st Dept.1959, opinion of Breitel, J.) nor does the second claim allege actual damage to the plaintiff.

Where the proposed amendments are clearly defective, the motion to amend should not be granted. 3 Moore's Federal Practice (Second Edition) Paragraph 15.08 [4] at pp. 904–5. See also Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

The motion to amend is denied.[1]

It is so ordered.

1. It is to be noted that plaintiff's failure to submit a memorandum of law in support of his motion "may be deemed sufficient cause

for the denial of the motion", Rule 9(b) of the General Rules of this court.