Burton S. Sherman, J.
The defendant landlord moves for summary judgment seeking to dismiss the complaint for insufficiency in an action alleged to be in prima facie tort.
The plaintiff, a statutory tenant, occupied a three-room apartment located at 903 Park Avenue. In 1969, the Rent Commission resolved a dispute between the parties by compelling the defendant to paint the apartment. Subsequent thereto, the tenant acquired five dogs. Thus by 1973 the landlord concluded that five dogs in a three-room apartment constituted a nuisance and a breach of a substantial obligation under the former lease. A 10-day notice was served upon the tenant followed by a 30-day notice terminating the tenancy. After consulting with his attorney, the plaintiff voluntarily relinquished the apartment and his security deposit was returned. No summary proceeding was ever instituted by the landlord. It appears that other tenants were permitted to keep dogs on the premises. The complaint alleges that, “ the proceedings to remove the plaintiff from the building were not motivated by a desire to rid the building of dogs but by a malicious intent to injure the plaintiff in retaliation for having complained about failure to paint ”. 'Special damages are pleaded.
The plaintiff argues that the complaint states a cause of action in prima facie tort. This has been defined as ‘ ‘ the infliction of intentional harm, resulting in damages, without excuse or justification by an act or a series of acts which would otherwise be lawful ”. (Ruza v. Ruza, 286 App. Div. 767, 769; also, see, Advanced Music Corp. v. American Tobacco Co., 296 N. Y. 79; Brandt v. Winchell, 283 App. Div. 338.) It is usually invoked when there is no claim of traditional tort or where the acts themselves are not actionable without the added element of intention to harm.
*423 In this case the pleadings* and the affidavits fail to present a triable issue to sustain plaintiff’s cause of action. The fact that a three-year period elapsed between the time of the painting dispute and the direction to cure the alleged violation substantially lessens the claim of a current controversy or of a claim of an intention to harm. Moreover the law is that if a party acts in his own self-interest, such action negates any claim of malice or intentional harm and would therefore defeat a claim in prima facie tort. (Benton v. Kennedy-Van Saun Mfg. & Eng. Corp., 2 A D 2d 27.) In this case there is no showing that any other tenant in the building was in a similar situation as the plaintiff. Moreover the harboring of five dogs in a three-room Park Avenue apartment, with its attendant inconvenience to other tenants, its overtaxing of building facilities and its general nuisance clearly had the effect of impairing the value of the property. The court conclusively finds as a matter of law from the facts presented in the affidavits that the landlord was motivated by self-interest in enforcing its rights under the lease. Nor does the conclusory claim of malice, in these circumstances, overcome the conclusive finding of self-interest or create a triable issue of fact.
Finally the plaintiff cannot enlarge his rights to create an action in prima facie tort by inaction or by voluntarily acquiescing to the action of the alleged tort-feasor. In this case other avenues were open to the plaintiff at least to attempt to avoid the impact of the defendant’s action. For example, he could have cured the violation under the lease, resorted to the courts for relief or proceeded administratively before the Bent Commission. (Bent, Eviction and Behabilitation Begulations, § 61, subd. b; § 74.) It appears therefore that this ease is an afterthought to attempt to rescue a situation caused by the plaintiff’s own conduct. If there is any malice or intentional harm exhibited in this action it appears to be by the plaintiff not the defendant. The motion is granted and the complaint dismissed.

 Because the action in prima facie tort is so limitless, there is danger that its unrestricted use may lead to grave abuse and unwarranted claims. Therefore pleading requirements are vigorously enforced. The mere pleading of vague conclusory allegations rather than material facts will result in dismissal. (Holt v. Columbia Broadcasting System, 22 A D 2d 791; Loudin v. Mohawk Airlines, 24 A D 2d 447; Benton v. Kennedy-Van Saun Mfg. & Eng. Corp., 2 A D 2d 27.) Special damages must also be pleaded. (Advanced Music Corp. v. American Tobacco, 296 N. Y. 79.)