■ Morris James et al., Appellants, v. Board of Education of Central School District No. 1 of the Towns of Orangetown and Clarkstown et al., Respondents.— Order of the Supreme Court, Rockland County, dated October 12, 1973 and judgment of the same court entered October 26, 1973, affirmed, without costs. No opinion. Gulotta, P. J., Martuscello, Shapiro and Christ, JJ., concur; Benjamin, J., dissents and votes to reverse the order, vacate the judgment and remand for trial, with the following memorandum: Plaintiff Morris James was hired by the defendant Board of Education on May 12, 1970 as a high school teacher for the school year commencing in September, 1970. He was employed for two school years at the Tappan Zee High School as a nontenured, probationary social studies teacher. On March 23, 1972 he was informed by his principal, defendant James Evergetis, that he would be recom-. mended for re-employment for the school year 1972–1973. However, on June 23, 1972, plaintiff was notified by Evergetis that his employment would be terminated and at a special meeting of the defendant Board of Education, held on June 29, 1972, a resolution to that effect was adopted. Thereafter, plaintiff brought suit against defendants alleging causes of action in contract and negligence. The complaint in that action was dismissed for failure to state a cause of action. Plaintiff then served an amended complaint wherein it was alleged that the circumstances under which his employment was terminated constituted the commission by defendants of a prima facie tort. More specifically, the complaint alleged that plaintiff was the faculty advisor of the school yearbook; that the sole reason for the Board of Education's failure to renew his contract for the 1972–1973 school year was the displeasure of the principal with a certain photograph of him which appeared in the 1972 edition of the school yearbook; and that in terminating his services the defendants acted solely to harm him without any justification. A prima facie tort is defined as the intentional harm resulting in damage, without excuse or justification, by an act or series of acts which would otherwise be lawful (*Ruza* v. *Ruza*, 286 App. Div. 767). The allegations of the complaint, which must be construed most favorably to the plaintiff at this stage of the litigation, spelled out the basic elements of a prima facie tort. This notwithstanding, the court at Special Term dismissed the amended complaint for failure to state a cause of action. It held that under the tenure statutes, school officials were vested with almost unlimited discretion to refuse to renew the employment contract of the plaintiff, a nontenured teacher; and that they were thereby justified in acting as they did. I do not subscribe to such a limited interpretation of the rights of nontenured teachers. The State Legislature has vested school officials with virtually unfettered discretion to refuse to renew contracts of nontenured teachers (*Matter of Pinto* v. *Wynstra*, 22 A D 2d 914; *Matter of Hickey* v. *Carey*, 275 App. Div. 964). However, a teacher in a public school system within the State of New York is a public employee and is entitled to protection against arbitrary exclusion (*Keyishian* v. *Board of Regents*, 385 U. S. 589). Such a person cannot be denied employment for reasons that are arbitrary or discriminatory (*Wieman* v. *Updegraff*, 344 U. S. 183). Further, a nontenured teacher is entitled to a hearing before the nonrenewal of his contract if he can show that the decision not to rehire him somehow deprived him of an interest in property (*Perry* v. *Sindermann*, 408 U. S. 593; *Board of Regents* v. *Roth*, 408 U. S. 564; *Matter of Parisi* v. *Ward* 34 N Y 2d 746; see, also, *Matter of Tischler* v. *Board of Educ., Monroe Woodbury Cent. School Dist. No. 1*, 37 A D 2d 261). Plaintiff's employment was terminated for the proffered reason that he caused to be placed in the school yearbook a photograph of the principal, which the principal did not deem adequate for due recognition of his status. This uniquely nebulous rea-

son for the dismissal created a strong inference that such action invaded the plaintiff's constitutionally protected right of free expression. In this case, the plaintiff has yet to show that the decision not to renew his contract was, in fact, in contravention of his constitutional right of free speech. The court at Special Term foreclosed any opportunity to make this showing when it granted summary judgment. Hence, this court cannot now hold that defendants' action was invalid. But there is a genuine dispute as to whether the defendants refused to renew the teaching contract as a reprisal for the exercise of a constitutionally protected right. This can only be determined after a plenary hearing. For this reason, I hold that the granting of judgment dismissing the complaint without full exploration of this issue was improper.