COOPERS & LYBRAND, Respondent, v SAMUEL LEVITT et al., Appellants.

First Department, June 22, 1976

*Martin R. Gold* of counsel *(Charles B. Ortner* with him on the brief; *Gold, Farrell & Marks,* attorneys), for appellants.

*William M. Barron* of counsel *(Powell Pierpoint* with him on the brief; *Hughes Hubbard & Reed,* attorneys), for respondent.

STEVENS, P. J. This is an appeal by defendants from an order of the Supreme Court entered February 26, 1976, in New York County (HUGHES, J.), which denied their motion to dismiss the complaint. The complaint alleges five causes of action containing four theories upon which the plaintiff seeks recovery, viz. fraud, malicious prosecution, champerty and prima facie tort. Defendants moved to dismiss on the grounds of insufficiency, another action pending in the Federal court between the same parties for the same causes, Statute of Limitations, *res judicata,* collateral estoppel, *forum non conveniens,* lack of jurisdiction over the defendants, and that pursuant to Illinois law, which the defendants claim governs, the release of one tort-feasor released all.

In order to understand this case, a brief background of facts is essential. The defendants Levitt were the stockholders and officers of Levitt Manufacturing Corporation (LMC), a New York corporation engaged in the manufacture and sale of

lawn mowers, with its principal place of business in the State of Indiana. By the terms of an agreement dated October 27, 1967, they undertook to sell LMC to Poloron Products, Inc. (Poloron), a New York corporation. The sale was consummated December 1, 1967. The price agreed upon was $11,200, plus an amount of Poloron stock to be determined on the basis of future earnings of LMC plus payment of a personal debt of Samuel Levitt in the amount of $109,000, and the assumption of certain personal liabilities of the Levitts. After the purchase by Poloron of LMC, the name of LMC, its new subsidiary, was changed to Poloron Products of Indiana, Inc. (Poloron-Indiana). Samuel Levitt entered into a sales representative agreement with Poloron-Indiana, which agreement was assigned to Dynamark Corp. (Dynamark) which was formed by the Levitts. At the time of the sale of LMC to Poloron, the balance sheet for the sale of LMC was prepared by Coopers & Lybrand (Lybrand), the plaintiff herein. Thereafter, it was allegedly discovered that the balance sheet prepared by Lybrand overstated the net worth of LMC.

Poloron then brought suit in the Supreme Court of the State of New York against the Levitts and withheld or caused to be withheld certain commissions due Dynamark, whereupon Dynamark, represented by defendant George Feiwell, an Illinois attorney, sued Poloron-Indiana in the United States District Court for the Northern District of Indiana to recover the withheld commissions. Dynamark's complaint was later amended to add Lybrand as a party defendant and Poloron-Indiana's motion to transfer the suit to the United States District Court for the Southern District of New York was granted in 1971. Thereafter, all parties except Lybrand settled their differences. In the settlement agreement, it was agreed that Poloron and Poloron-Indiana would pay Dynamark one half of the commissions which had been withheld and the claims of Dynamark were assigned to Poloron. Poloron undertook to sue Lybrand on the claims assigned to it and to pay 75% of the proceeds of any recovery to Dynamark which agreed to bear 75% of the cost of the prosecution of the suit. The State action was discontinued and a stipulation of voluntary dismissal was signed by all parties in the Federal action including Lybrand, whose signing was without prejudice.

Subsequently, Poloron sued Lybrand in the United States District Court for the Northern District of Illinois, but before an answer could be served, Poloron filed a notice of voluntary

dismissal without prejudice. In that action Feiwell was the attorney for Poloron.

Some nine months later, Poloron, with Feiwell acting as counsel for the attorneys of record, brought a third suit in the United States District Court for the Southern District of New York virtually identical to the second suit and Lybrand, as defendant, filed a third-party complaint against Dynamark, the Levitts and Feiwell seeking actual and exemplary damages. Lybrand's motion to dismiss this third suit upon the grounds of *res judicata* was granted and the court declined further jurisdiction over Lybrand's third-party action. Lybrand then commenced the present action in the Supreme Court, New York County, seeking actual and exemplary damages upon the grounds heretofore stated.

In its first cause of action for fraud, Lybrand claims that defendants falsified and inflated the books and records of LMC, thereby deceiving Lybrand in its examination of the financial statements and deceiving Poloron in the sale. Lybrand asserts that the fraud and deceitful acts of defendants caused it to be subjected to a series of groundless suits, resulting in a loss to it of valuable personnel time and the incurrence of substantial attorneys' fees and other expenses in defending itself.

Counsel fees and the legal expenses necessarily incurred in carrying on a lawsuit are not generally considered items of expense recoverable as general or special damages *(Miss Susan, Inc. v Enterprise & Century Undergarment Co.,* 270 App Div 747, 748, affd 297 NY 512). This is true in the absence of statutory liability or contractual provision so providing whether the action be in contract *(Rollin v Grand Store Fixture Co.,* 231 App Div 47, 50) or in tort where the action does not involve elements of malice *(Lurman v Jarvie,* 82 App Div 37, 46, affd 178 NY 559). A well-recognized exception to the rule holds: "If, through the wrongful act of his present adversary, a person is involved in earlier litigation with a third person in bringing or defending an action to protect his interests, he is entitled to recover the reasonable value of attorneys' fees and other expenses thereby suffered or incurred [citations omitted]" *(Shindler v Lamb,* 25 Misc 2d 810, 812, affd 10 AD2d 826, affd 9 NY2d 621). Such expenses should be reasonable and the natural and necessary consequences of the defendant's acts.

In the case before us, Lybrand asserts that these defendants

instituted or prosecuted the three suits against it. However, this obviously is not an instance of litigation with a third party and Lybrand fails to demonstrate that it falls within the exception to the general rule. Thus, the first cause of action based on fraud should not stand since no cognizable claim for damages is alleged.

Turning now to the second cause of action based on malicious prosecution, that cause should be dismissed also since there is no allegation that the proceeding complained of was finally determined in Lybrand's favor *(Hauser v Bartow,* 273 NY 370, 375; see, also, *Burt v Smith,* 181 NY 1, 5). The recent determination of the United States Circuit Court of Appeals, Second Circuit, dated May 18, 1976 (Docket No. 75-7271), to which our attention was directed, denied a petition for a rehearing of its earlier reversal of the dismissal of the complaint in the pending Federal court action against Lybrand. Such reversal does not seem to negate the earlier observation of the United States District Court to the effect that Lybrand failed to establish that the suit was brought vexatiously or in bad faith. Nor is there stated a cause of action for abuse of process, since it is not demonstrated that there was a perversion of process after issuance for an illegal or improper purpose *(Metromedia, Inc. v Mandel,* 21 AD2d 219, 222-223, affd 15 NY2d 616).

In its third and fourth causes of action, Lybrand asserts that the assignment of the Levitts' and Dynamark's purported claim against it under the circumstances set forth in paragraph 23 of its complaint (which included the retention of Feiwell to file a new suit, and the agreed division of any recovery) was champertous, unlawful, and in violation of section 489 of the Judiciary Law. Section 489 deals with the purchase of claims by corporations or collection agencies with the intent and for the purpose of bringing an action thereon. The section does not create a private claim for damages. Champerty is a species of the common-law generic offense of maintenance. It involves the unlawful maintenance of a suit in consideration of a bargain for some part of the thing involved. The gist of the offense consists in the mode of compensation. The doctrine of champerty does not prevail in this State except as provided by statute *(Sedgwick v Stanton,* 14 NY 289, 294-295; *Irwin v Curie,* 171 NY 409, 411). Both Dynamark and Poloron asserted a claim by reason of the alleged misstatements of Lybrand. The fact that they agreed

to proceed by one party instead of asserting two separate claims does not make the assignment champertous. Since Dynamark continuously asserted a right of recovery, the reassignment to it of its claim, when Lybrand elected not to proceed further with the appeal from an adverse determination, does not bring such assignment or reassignment within the statutory prohibition. The recovery sought was compensation for an alleged wrong and was not merely intended to stir up litigation which, apparently, was already underway. Nor does the fact that Feiwell was retained as counsel constitute champerty.

Lybrand, in its fifth cause of action, next alleges that the wrongful acts of the Levitts, Dynamark and Feiwell, heretofore adverted to, constitute a prima facie tort. As in the other causes, the damages claimed are substantial loss of valuable personnel time, substantial attorneys' fees and other expenses.

"The key to the prima facie tort is the infliction of intentional harm, resulting in damage, without excuse or justification, by an act or a series of acts which would otherwise be lawful." "Where specific acts, recognized as tortious in the law, are asserted, the remedies lie only in the classic categories of tort." *(Ruza v Ruza,* 286 App Div 767, 769; *Metromedia, Inc. v Mandel,* 21 AD2d 219, 222, *supra.)* There must be an intention to harm, which intent is the motivating factor in instituting the action, and the action must have caused injury to Lybrand without excuse or justification. In the instant case, the actions against Lybrand resulted from an allegedly incorrect financial report which caused financial loss to the parties suing Lybrand. Moreover, the alleged damages suffered by Lybrand as a result of the several suits are not such as are generally recoverable, nor are any special damages alleged. Therefore, this cause of action should also be dismissed.

Finally, defendant Feiwell, as an attorney, had an obligation to represent his clients fairly and to the best of his ability (3 NY Jur, Attorney and Client, § 78) and there is no factual support for the charges of conspiracy to injure Lybrand. However, defendants' assertion that the complaint should be dismissed on the ground of *forum non conveniens* is clearly without merit.

Accordingly, the order appealed from should be reversed on the law and the defendants' motion to dismiss the complaint should be granted, with costs.

MARKEWICH, KUPFERMAN, MURPHY and CAPOZZOLI, JJ., concur.

Order, Supreme Court, New York County, entered on February 26, 1976, unanimously reversed, on the law, and the motion to dismiss the complaint granted. Appellants shall recover of respondent $60 costs and disbursements of this appeal.