■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE GRAVANO, GARY GARDINE, LAWRENCE MACARI, ALEXANDER CUOMO and PETER MACARI, Appellants.—Appeals by defendants from five judgments (one as to each of them) of the Supreme Court, Kings County, all rendered November 7, 1977, convicting defendants Gravano, Cuomo and Lawrence Macari of criminal possession of stolen property in the second degree, and convicting defendants Gardine and Peter Macari of criminal possession of stolen property in the third degree, upon their respective pleas of guilty, and imposing sentences. The appeals also bring up for review the denial, after a hearing, of defendants' motion to suppress certain physical evidence. Judgments reversed, on the law, motion granted and cases remanded to the Supreme Court, Kings County, for further proceedings consistent herewith. The motion to suppress certain physical evidence should have been granted. A radio communication alerted police to reports of "suspicious" late-night activity. At the scene, police officers spoke with two unidentified complainants, neither of whom testified at the suppression hearing. According to the officers' testimony, one complainant reported hearing noises in the vicinity of his house and the other reported seeing a van enter a nearby private or semiprivate driveway. Only after they entered upon the driveway did the police espy the defendants under circumstances which aroused suspicions of criminal activity. It was conceded that the curvature of the driveway shielded the defendants from the view of police officers standing on the public sidewalk. In our opinion, the warrantless entry by police onto the driveway where the defendants were found constituted an unreasonable search in violation of the Fourth Amendment (see *People v Gleeson,* 36 NY2d 462, 466; cf. *People v Abruzzi,* 52 AD2d 499, 502-504, affd 42 NY2d 813). The information provided by the police radio communication and the unidentified complainants could give rise only to the vaguest suspicion of criminal activity and did not amount to reasonable cause for the entry (cf. *People v Quattrachi,* 63 AD2d 655, 656). Moreover, any information as to the defendants' activities which might have furnished probable cause was necessarily obtained as a result of the officers' trespass, and may not be used to justify the seizure of incriminating evidence *(People v Gleeson, supra,* pp 463-464). Thus, the physical evidence seized should have been suppressed as derivative evidence obtained by an illegal search *(People v Gleeson, supra,* p 467). O'Connor, J. P., Margett and Cohalan, JJ., concur; Shapiro, J. concurs in the result.