*756 OPINION OF THE COURT
Jack Mackston, J.
Defendants are charged with violations of the zoning, building and housing codes of the City of Long Beach. The subject premises, defendants’ residence, is located in a two-family zone. A building inspector, viewing the exterior thereof, observed three entrances, four separate electric meters and two mail boxes with the names Diaz and Murth. He confronted defendants and sought permission to inspect the interior, which was denied. Based in part upon the foregoing a warrant was issued by this court authorizing a search of the interior of said premises for the purpose of obtaining visual evidence of suspected zoning violations.
Defendants now move to controvert the warrant and suppress evidence obtained, contending the search to be unauthorized and illegal.
Evidence obtained through an illegal search in violation of the Fourth Amendment of the Federal Constitution was held inadmissible in State court proceedings by reason of the due process clause of the Fourteenth Amendment. (Mapp v Ohio, 367 US 643.)
This exclusionary rule applies only where the search is unreasonable. Searches based upon consent, a valid warrant or made as an incident of a lawful arrest are reasonable and not unlawful. (People v Loria, 10 NY2d 368.)
Inspections of real property conducted by building and fire department personnel in furtherance of their statutory duty to obtain code compliance (Code of City of Long Beach, § 13-23) are administrative in nature and in that respect differ from criminal searches which focus primarily on individual suspects.
Initially administrative searches did not fall within the purview of the Fourth Amendment (Frank v Maryland, 359 US 360.) Such inspections did not require seizure of designated personal property but only interior access in order to make personal observations of code violations, which the inspector would note, carry in his memory and subsequently testify to if required. Access to premises for that purpose was usually based upon consent. Refusal would expose a recalcitrant property owner to a fine or imprisonment. (Code, §§ 13-49, 13-10.) Thus warrantless administrative searches to compel fire and building code compliance were virtually assured.
*757 However the Supreme Court in Camara v Municipal Ct. (387 US 523) overruled Frank v Maryland (supra) and declared administrative searches subject to the Fourth Amendment, and that a local ordinance which compelled a homeowner to submit to a warrantless search was unconstitutional. Thereafter, under ordinary circumstances, a municipal agency could not make interior inspections without first obtaining uncoerced consent or a warrant.
The primary thrust of defendants’ argument in the present matter is that CPL article 690 governing search and seizure, does not authorize issuance of a warrant for inspection of real property in order to obtain intangible or visual evidence. The contention seems correct. CPL 690.10 appears to restrict search and seizure to "personal property” that is, tangible as opposed to intangible property, thus creating the anomalous situation where, absent an emergency, a municipality in this State may not compel access (Camara v Municipal Ct., supra) nor obtain a warrant for an administrative search (CPL 690.10).
In People v Laverne (14 NY2d 304, 309) the Court of Appeals in interpreting section 813-d of title II-B of the Code of Criminal Procedure (forerunner to CPL art 710, enacted 1971) indicated that pretrial review of Fourth Amendment objections was restricted to "property, papers and things” of a physical nature and that objections to intangible evidence obtained through a nonconsensual search are properly raised at trial when the testimony is offered. However that ruling does not govern the present case. No warrant question was involved in Laverne (supra) and this court retains inherent power to review its own orders at any stage of the proceedings. (Ladd v Stevenson, 112 NY 325; People v McCall, 17 NY2d 152.)
Although section 813 of the Code of Criminal Procedure was expanded by CPL article 710 to include "any tangible property or potential testimony” as evidence that is subject to pretrial suppression (CPL 710.10, subd 2); modification of that procedural statute did not enlarge the court’s authority under CPL article 690 to permit issuance of an administrative warrant. Search warrants are in derogation of common law, and statutes pertaining to their issuance are strictly construed. (People v Prisco, 36 Misc 2d 357.)
Because of the holding in Camara (supra) there exists a need to expand CPL article 690 to provide for administrative *758 searches and issuance of warrants, not only to police officers (CPL 690.25) but other qualified persons having necessary expertise, such as building or fire inspectors. At least 11 States have enacted statutes providing for such inspectorial search warrants. (ALI, Model Code of Prearraignment Procedure, art 250, p 539 [April 15, 1975].)
With respect to CPL article 710 it should be noted that although CPL 710.10 (subd 2) speaks of "tangible property or potential testimony” as evidence that is subject to pretrial review, CPL 710.20 (subd 1) diminishes the applicability thereof by referring only to "tangible property”. Amendment is required to include both tangible and intangible property.
For the reasons hereinabove given the warrant is vacated and the evidence obtained thereby suppressed.