■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. PITT, Appellant.—Judgment of the County Court, Rockland County, rendered March 27, 1979, affirmed (see *People v Barnes,* 50 NY2d 375). Damiani, J. P., Gibbons, Rabin and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS SCIACCA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered October 20, 1976, convicting him of criminal possession of stolen property in the second degree, upon a plea of guilty, and imposing sentence. The appeal brings up for review the denial of defendant's motion to suppress certain physical evidence. Judgment reversed, on the law, motion to suppress granted and case remanded to Criminal Term for further proceedings consistent herewith. The motion to suppress certain physical evidence should have been granted. At 11:00 P.M. on January 13, 1976, Detective Smith, who was investigating a warehouse burglary, received, from his superior, a "tip" which had been received from an unknown informant. The informant said a truck with the same markings as the one used in the burglary had been seen at a garage at a certain address. At about 1:00 A.M. the next morning, Detective Smith arrived at this address and walked up the driveway towards the four garages located on the premises. There was no truck visible. Smith looked into each of the garages and in one of them saw boxes similar to those taken from the warehouse. In order to observe the boxes he had to jump up in the air and shine his flashlight into the garage. He did not have a search warrant. Later that morning Detective Smith returned with his partner to the premises. From a police car they observed a van go into the driveway and pull about one third of the way into the garage which contained the boxes. The two officers crossed the street and went up to the garage. There two men were observed loading the boxes from the garage into the van. The men were placed under arrest at about 10:20 A.M. Neither Detective Smith nor any other officer had made any effort to obtain a search warrant. The initial warrantless entry by Detective Smith was an unreasonable search in violation of the Fourth Amendment (see *People v Gleeson,* 36 NY2d 462; *People v Gravano,* 67 AD2d 988). Smith had only a second-hand anonymous tip concerning the garage which could not constitute probable cause (see *People v Quattrachi,* 63 AD2d 655). Moreover, Smith's need to jump up and use a flashlight in order to see the boxes removes any possiblity that these were items in "plain view". Thus his actions constituted a trespass (cf. *People v Smith,* 42 NY2d 961; 1 La Fave, Search & Seizure, §2.2, subd [b]). The information as to the boxes which might have furnished probable cause for defendant's arrest was obtained during the initial improper entry and cannot be used to legitimize the arrest (see *People v Gravano, supra; People v Abruzzi,* 52 AD2d 499, affd 42 NY2d 813, cert den 434 US 921). It should also be noted that Detective Smith offered no explanation of why no attempt was made to obtain a search warrant in the nearly 12-hour period from his receipt of the "tip" from his superior to defendant's arrest. Mollen, P. J., Hopkins, Mangano and Cohalan, JJ., concur.