OPINION OF THE COURT
Farley, P. J.
Defendants are charged with violating the zoning, building and housing codes of the City of Long Beach. A search warrant applied for by the city, and based upon probable cause to believe a crime was being committed, sought to search the interior of a building for the purpose of obtaining visual evidence of the suspected violations. Defendants moved to controvert the warrant and the motion was granted. The City Court held that there was no authority under the Criminal Procedure Law for the issuance of an administrative search warrant and therefore the court suppressed all evidence obtained under the warrant.
A search warrant is an order of the court permitting the search “of [a] designated premises * * * for the purpose of *60 seizing designated property or kinds of property, and to deliver any property so obtained to the court which issued the warrant” (CPL 690.05, subd 2). “Personal property” is subject to seizure if it “Constitutes evidence * * * that an offense was committed” (CPL 690.10, subd 4). The search warrant in the case at bar sought entry for the purpose of “obtaining evidence that the said premises, are being used in violation óf the Code of Ordinances of the City of Long Beach” and directed that “any information obtained shall be returned and directed to the City Court of the City of Long Beach, without further delay.” The issue before this court is whether a search warrant may issue when the purpose of the warrant is to observe and not to seize any tangible property.
CPL article 690 does not define the word “evidence” and does not define the word “property”. Whether “property” is tangible or intangible was treated in People v Teicher (90 Misc 2d 638) wherein the court permitted the placing of a video tape camera in a dentist’s office, notwithstanding that CPL articles 690 and 700 did not specifically authorize such procedures. The court interpreted CPL 690.10 (subd 4) and stated (at pp 642-643):
“Thus, a visual observation may fall within the scope of property subject to be seized if it constitutes evidence or tends to demonstrate that an offense was committed.
“Courts that have had occasion to consider the seizure that results from obtaining visual observations of a crime in progress in a private place, all indicate that the seizure will be legal if it is derived pursuant to a proper warrant issued by a neutral Magistrate (People v Abruzzi, 52 AD2d 499, affd 42 NY2d 813, and the other cases cited, supra, p 503, n 2). In Abruzzi, the Appellate Division, Second Department, found that visual observations by police in the course of committing a trespass on a doctor’s property without a warrant, after having received complaints of sexual misconduct from the doctor’s patients, was a search and seizure in violation of the Fourth Amendment. Implicit in this ruling, however, is the fact that a search warrant under CPL article 690 could have issued to permit the police to make observations from a private place.” *61 In United States v New York Tel. Co. (434 US 159) the court interpreted the similar Federal Rule of Criminal Procedure, rule 41(h), as permitting seizure of intangible items as well as tangible items. It would therefore appear that the trend in State and Federal courts would permit the issuance of a warrant to make observations, provided that the warrant was issued on a finding of probable cause. (See 1 Ringel, Searches & Seizures, Arrests and Confessions [2d ed], § 2.4.)
The People cite the case of People v Abruzzi (52 AD2d 499, affd 42 NY2d 813, cert den 434 US 921) as authority for the issuance of the warrant. In Abruzzi, an investigator entered defendant’s backyard for the purpose of .making observations and to protect the safety of an undercover officer in defendant’s examining room. The Appellate Division held (p 502) that a warrant was needed where no “exigent circumstances were present”. The affirmance by the Court of Appeals upheld the rationale of Mr. Justice Rabin that a warrant would be required even where the stated purpose was merely to observe and not to seize any property. In addition, the record on appeal to the Court of Appeals discloses that the Teicher case (supra) was cited by the defendant as authority for the issuance of the warrant, and it is concluded that the Court of Appeals would simply have disposed of the Abruzzi case on the ground that a warrant for the sole purpose of making an observation was not obtainable, if that were their view. In sum, it is the opinion of this court that a search warrant, properly grounded on probable cause to believe a crime has been committed, may be validly issued within the framework of CPL article 690 for the purpose of making only observations. Such a warrant would be a lesser intrusion upon the privacy of a person than one which would also permit the seizure of specific tangible property.
Slifkin and O’Gorman, JJ., concur.
Order of the court below (see 102 Misc 2d 755) unanimously reversed, on the law, and motion to suppress denied.