Richard Allen Siegel, Esq. Village Attorney, Sea Cliff
I am writing in response to your request for an opinion regarding the issuance of search warrants by village justices so as to permit searches of structures by village building inspectors. As stated in your letter, there are an increasing number of situations in the Village of Sea Cliff where it is necessary to conduct an inspection of one, two, or multiple family dwellings in order to determine the number of dwelling units and apartments contained therein. Where the owner will not consent to an inspection by the Building Department, sections 48-7 and 48-12 of the village code authorize inspections by the building inspector where lawful entry can be obtained. Where the building inspector is denied access, the village has deemed it appropriate for him to obtain a search warrant to authorize his entry. You have asked whether a village justice can issue a search warrant to a building inspector to permit inspections of buildings by the building inspector.
Until 1967, Fourth Amendment protection against unreasonable searches and seizures did not extend to administrative searches. Under this old rule, set forth in Frank v Maryland (359 U.S. 360 [1959]), municipalities could compel building owners to submit to warrantless searches by imposing fines if the owner refused to allow an inspection. Frank was overruled eight years later by Camara v Municipal Court (387 U.S. 523 [1967]).Camara held that administrative searches fell under the purview of the Fourth Amendment. Thereafter, under ordinary circumstances, municipalities could no longer make interior inspections without first obtaining uncoerced consent or a warrant.
In New York, issuance of search warrants is governed by Article 690 of the Criminal Procedure Law. Section 690.05(1) provides as follows:
 "Under circumstances prescribed in this article, a local criminal court may, upon application of a police officer, a district attorney or other public servant acting in the course of his official duties, issue a search warrant."
Local criminal courts include village, town, city and district courts (Criminal Procedure Law, § 10.10). Village courts serving villages within Nassau County, such as Sea Cliff, have had most of their powers, duties and jurisdiction transferred to the district courts within the county (Uniform District Court Act, § 2402). The village courts, however, do retain "jurisdiction of violations of the ordinances and other regulations of the village and of violations of the vehicle and traffic law committed within the limits of the village" (ibid.). Because the board of trustees of a village can make the violation of its regulations an offense of misdemeanor grade or lower (Municipal Home Rule Law, § 10[4][b]; Village Law, § 20-2006), it would appear that village justices have the authority to issue search warrants in relation to criminal actions brought for violation of village regulations (Criminal Procedure Law, § 690.05).
The ability of a municipal justice to issue search warrants enabling a building inspector to inspect a private dwelling was addressed in Peoplev Katz (112 Misc.2d 59 [Sup Ct, App Term, 2d Dept, 1980]). In Katz, a search warrant issued to the City of Long Beach building inspector was under review. The trial court granted the motion to suppress the subpoena on the ground that visual inspections would not be authorized by a search warrant. It also noted that search warrants would not be issued to building inspectors (People v Katz, 102 Misc.2d 755 [City Ct of Long Beach, 1980]).
The Appellate Term found that visual observations and inspections could be the basis of a search warrant (112 Misc.2d at 60). The admissibility of visual observations obtained by search warrant was established inPeople v Abruzzi (52 A.D.2d 499 [1976], affd 42 N.Y.2d 813 [1977], cert den 434 U.S. 921 [1978]). The decision in Katz did not, however, address the issue of whether the search warrant could be issued to authorize a building inspector to perform the search.
Because section 690.05 of the Criminal Procedure Law allows public servants acting in the course of their official duties to apply for search warrants, in our opinion a village building inspector would be among those who could request a village justice to issue a search warrant. Under section 690.25, however, only police officers "whose geographical area of employment embraces or is embraced or partially embraced by the county of issuance" may execute search warrants. There are no longer any provisions for execution of search warrants by peace officers (see Criminal Code [1881], § 798, the current law's predecessor), nor are there any provisions enabling civil servants to execute the warrants. Because search warrants are creations of statutory law, they are in derogation of the common law, and statutes establishing them should be strictly construed (People v Prisco, 36 Misc.2d 357
[County Ct, Bronx Co, 1962]; McKinney's Statutes, §§ 301, 311). The clear language of the Criminal Procedure Law indicates that search warrants can be executed only by police officers.
Accordingly, we conclude that in the event a village has made violation of its regulations a violation of the Penal Law, a village justice may issue search warrants upon application of a building inspector to enable inspections of buildings by police officers.