OPINION OF THE COURT
Daniel K. Lalor, J.
By this ex parte application the Town Attorney for the Town *471 of Greenville requests that this court, sitting as a local criminal court, sign a proposed “Administrative Inspection Warrant” directed to “Officers and Employees Charged with Land Use Enforcement in the Town of Greenville,” authorizing such officials to “enter upon the John Kun premises, Scutt Road, Greenville, New York where a violation of the land use regulations of the Town of Greenville is alleged to have been committed,” to “inspect,” and to “photograph or video tape” such premises.
In support of the application, the Town Attorney has set forth his sworn affirmation, alleging on information and belief that the Town Building Inspector has observed the subject property from outside of the perimeter and has noted “junk” accumulated on the property without a license therefor. A list of over 400 such items observable from the perimeter of the property is annexed to the application as an exhibit. Also annexed to the application as an exhibit is a collection of 46 photographs taken from the perimeter of the property detailing the conditions within, and six photographs depicting what is alleged to be a building on the property for which no building permit has been obtained. The Town Attorney avers he has made written request of the owner’s attorney for permission for the Town’s Building Inspector to enter the property, and has received no response. The Building Inspector has issued notices of violation of two local laws and of the New York State Building Code, also annexed to the application. The application establishes a clear basis for the desire of the Town to conduct a thorough inspection, and to remedy the alleged violations.
Decisions from the nation’s highest court clearly establish that administrative searches fall within the purview of the Fourth Amendment (see, Camara v Municipal Ct., 387 US 523 [1967]). Therefore, under ordinary circumstances, a municipality may not make interior inspections without first obtaining either uncoerced consent or a warrant. However, despite the clear need therefor, there is as yet no express statutory provision for administrative warrants under New York law. Legislation to remedy this deficiency by amendment to the General Municipal Law has been introduced, however as of this application the bill remains in committee (NY Legis Bill A 1859, S 2396, referred to Comm on Local Govt on Jan. 16, 2001, and again on Jan. 9, 2002).
The nearest available substitute process is the criminal search warrant. In New York, issuance of search warrants is governed by article 690 of the Criminal Procedure Law. Sec *472 tion 690.05 (1) provides, “Under circumstances prescribed in this article, a local criminal court may, upon application of a police officer, a district attorney or other public servant acting in the course of his official duties, issue a search warrant.” This court is empowered to sit as a local criminal court for purposes of entertaining search warrant applications (CPL 10.10 [3] [g]), and the Greenville Town Attorney is a public servant acting within the scope of his official duties in seeking the warrant. The next issue is whether the relief requested may properly be granted, for a search warrant by its terms is ordinarily defined as a court order to search designated premises for the purpose of seizing designated “property,” not to conduct visual inspections (see CPL 690.05 [2]).
The ability of a local criminal court to issue a search warrant enabling a building inspector to inspect a private dwelling was addressed in People v Katz (112 Misc 2d 59 [App Term, 2d Dept 1980]). In Katz, a search warrant issued to the City of Long Beach Building Inspector was under review. The trial court granted a motion to suppress, on the ground that visual inspections were not authorized by a search warrant (People v Katz, 102 Misc 2d 755 [Long Beach City Ct 1980]). The Appellate Term reversed and held that visual observations and inspections could be the basis of a search warrant (112 Misc 2d at 60). The admissibility at trial of visual observations obtained by search warrant is established also (People v Abruzzi, 52 AD2d 499, affd 42 NY2d 813, cert denied 434 US 921 [1977]). The limitation of the warrant sought, to authorize only entry, visual inspection, and photography or videotaping, is accordingly permissible.
As further noted in Katz and also in the case of Town of E. Hampton v Omabuild USA No. 1 (215 AD2d 746 [2d Dept 1995]), before what is essentially an administrative inspection may be brought within the rubric of CPL article 690, there must be in the offing a potential criminal “offense” based upon the code violations it is anticipated will be observed, either by virtue of the municipality having criminalized violations of its ordinances, or through application of a statewide statute. An “offense” means, “conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law, local law or ordinance of a political subdivision of this state, or by any order, rule or regulation of any governmental instrumentality authorized by law to adopt the same” (Penal Law § 10.00 [1]).
Here, the Town Attorney has provided to the court a copy of the “Town of Greenville Junk Ordinance,” section 7 of which is *473 entitled, “Violation of Ordinance an Offense; Penalties Therefor.” The section provides that for a violation of the ordinance, a person shall be subject to a fine of not more than $250, by imprisonment not exceeding 30 days, or by both such fine and imprisonment. These criminal sanctions are sufficient, depending on the date of adoption of the ordinance, to constitute either a violation (Penal Law § 55.10 [3] [b]) or an unclassified misdemeanor (Penal Law § 55.10 [2] [c]). Either is an “offense,” for purposes of the Criminal Procedure Law. The notice of violation of the town ordinance annexed to the application thus provides a criminal nexus for issuance of a search warrant pursuant to CPL article 690.
Further, for violation of the New York State Fire Prevention and Building Code, a person is subject to a fine of not more than $1,000 or imprisonment not exceeding one year, or both (Executive Law § 382 [2]). Thus, the notice of violation of the state building code annexed to the application provides a second, independent criminal nexus for application of CPL article 690.
It remains only to determine whether the warrant may issue to the persons requested in the proposed warrant, namely to “officers and employees charged with land use enforcement in the town of Greenville.”
The office of the Attorney General has informally opined that, because section 690.05 of the Criminal Procedure Law allows public servants acting in the course of their official duties to apply for search warrants, a village building inspector is among those who could request a search warrant. Applying the clear language of the statute, however, the Attorney General was of the view that only “police officers” may execute search warrants. (1985 Ops Atty Gen No. 85-10, at 71.) The court concurs in this reading of the statute and, accordingly, the warrant shall issue to any police officer having jurisdiction to enforce the local laws of the Town of Greenville, who may be accompanied during its execution by any of the officers and employees requested to be designated.