25-872-cv
*Paro Mgmt. Co., Inc. v. Willis of N.J., Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand twenty-five.

PRESENT:
> JOSÉ A. CABRANES,
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> > *Circuit Judges.*

---

PARO MANAGEMENT CO., INC.,
J&N REALTY ASSOCIATES, LLC,
> > *Plaintiffs-Appellants.*

> > v.                                    25-872-cv

WILLIS OF NEW JERSEY, INC.,
> > *Defendant-Appellee.*\*

---

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | EVAN S. SCHWARTZ (Matthew J. Conroy, *on the brief*), Schwartz, Conroy & Hack, P.C., Garden City, NY |
| FOR DEFENDANT-APPELLEE: | KYMBERLY KOCHIS (Alexander P. Fuchs, *on the brief*), Eversheds Sutherland (US) LLP, New York, NY |

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Southern District of New York (Vyskocil, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, **REVERSED** in part, and **REMANDED** for further proceedings consistent with this order.

Appellants Paro Management Co., Inc. and J&N Realty Associates, LLC (collectively, "Paro") sued their insurance broker, Appellee Willis of New Jersey, Inc. ("Willis"),[1] for failing to deliver to Paro's insurer a notice regarding the presence of lead paint on Paro's residential property in Queens, New York. Paro alleges that it instructed Willis to convey the notice to its insurer and Willis promised to do so but did not follow through. Former tenants later sued Paro for damages arising from exposure to lead paint, and Paro's insurer disclaimed coverage on the ground that it had not been timely notified of the lead-paint issue. Paro then sued the insurer, seeking a declaration of coverage. Both the former tenants' lawsuit and the coverage action are pending in New York Supreme Court. Paro subsequently brought this action against Willis, asserting claims under New York law for negligence and negligent misrepresentation.[2] The district court dismissed the Complaint without prejudice as unripe and, in the alternative, for failure

---

[1] Willis of New Jersey, Inc. has merged into Willis Towers Watson Northeast, Inc. and has ceased to operate. Consistent with the parties' briefing, we refer to Appellee as Willis.

[2] Paro commenced this action in New York Supreme Court, and Willis removed it to federal court based on diversity jurisdiction. But Paro's complaint did not allege the citizenship of the members of J&N Realty Associates, LLC and thus "left some question as to whether the federal courts have diversity jurisdiction in this case." *Wiener v. AXA Equitable Life Ins. Co.*, 113 F.4th 201, 212 n.8 (2d Cir. 2024). We asked the parties to file supplemental briefs addressing whether there is complete diversity of citizenship between the adverse parties. Having reviewed the briefing, we are satisfied that the adverse parties are completely diverse, and we "deem the pleadings amended pursuant to 28 U.S.C. § 1653 and conclude that [Paro] has alleged sufficient facts to support diversity jurisdiction." *Id.*

to state a claim.   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"We review *de novo* a district court's determination that it lacks subject-matter jurisdiction on ripeness grounds." *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013). "We [also] review *de novo* a district court's dismissal of a complaint for failure to state a claim." *Ark. Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 351 (2d Cir. 2022) (cleaned up).

## I.    Ripeness

The district court held that Paro's claims against Willis are not ripe.   Referencing the two pending state-court cases, the district court reasoned that Paro seeks "relief against Willis because [Paro] *may* be found liable for exposing [the] tenants to lead paint, and [Paro's] insurer *may* succeed in denying coverage on the ground that it was never notified of the presence of the lead paint."   App'x at 67.   "[A]ny real, substantial controversy" between Paro and Willis, the district court concluded, "depends upon contingent future events that may not occur as anticipated, or indeed may not occur at all."   *Id.* (quotation marks omitted).   We disagree.

"To be justiciable, a cause of action must be ripe—it must present a real, substantial controversy, not a mere hypothetical question." *Vill. Green at Sayville, LLC v. Town of Islip*, 43 F.4th 287, 293 (2d Cir. 2022) (quotation marks omitted).   "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quotation marks omitted).   "Often, the best way to think of constitutional ripeness is as a specific application of the actual injury aspect of Article III standing." *Walsh*, 714 F.3d at 688.   "[I]n other words," "to say a plaintiff's claim

3

is constitutionally unripe is to say the plaintiff's claimed injury, if any, is not actual or imminent, but instead conjectural or hypothetical." *Id.* (quotation marks omitted).

The U.S. Supreme Court has previously identified a ripeness doctrine based on "prudential reasons for refusing to exercise jurisdiction." *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) (quoting *Reno v. Cath. Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993)). More recently, however, it has cast doubt on "the continuing vitality of the prudential ripeness doctrine." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 167 (2014). Our own court has "not directly addressed whether the prudential ripeness doctrine remains good law," but we have emphasized that "the Supreme Court's cautious approach to prudential ripeness is a reminder that the doctrine constitutes a narrow exception to the strong principle of mandatory exercise of jurisdiction." *Revitalizing Auto Cmtys. Env't Response Tr. v. Nat'l Grid USA*, 10 F.4th 87, 102 (2d Cir. 2021). Assuming that such an exception is available, we will evaluate prudential ripeness by asking "whether the claim is fit for judicial resolution and whether and to what extent the parties will endure hardship if decision is withheld." *Variscite NY Four, LLC v. N.Y. State Cannabis Control Bd.*, 152 F.4th 47, 58 (2d Cir. 2025) (quotation marks omitted). "In general, the more the matter to be placed before the court involves a pure issue of law, unaffected by factual considerations, the less the concern that judicial review might be premature." *Id.* (quotation marks omitted).

Paro's claims against Willis are constitutionally ripe. Paro alleges that the insurance policy covered "claims for loss arising out of a pollution incident occurring at" the Queens property up to the $10,000,000 policy limit. App'x at 8. Willis's failure to convey the lead-paint notice to the insurer allegedly caused the insurer to disclaim coverage for the damages sought in the lead-paint lawsuit, prompting Paro to sue the insurer for a declaration of coverage. *Id.* at 7, 10-11. The costs Paro has incurred in litigating the coverage action constitute a "pocketbook injury"

4

allegedly caused by Willis's negligence. *Tyler v. Hennepin County*, 598 U.S. 631, 636 (2023); *see Mental Disability L. Clinic, Touro L. Ctr. v. Hogan*, 519 F. App'x 714, 717 (2d Cir. 2013) (summary order) ("This Court has explicitly rejected the argument that litigation expenses are insufficient to demonstrate an injury in fact for purposes of Article III standing.") (citing *Nnebe v. Daus*, 644 F.3d 147, 157 (2d Cir. 2011)). Paro's alleged injury, moreover, does not depend on how the insurance lawsuit will be resolved. Even if Paro prevails in that case, it likely could not recover its litigation costs from its insurer because "[i]t is well established that an insured may not recover [from an insurer] the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy." *N.Y. Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 324 (1995).[3] Paro's asserted pocketbook injury is thus "actual," not "conjectural or hypothetical," and it suffices to make this case constitutionally ripe. *Walsh*, 714 F.3d at 688 (quotation marks omitted).[4]

To the extent that Willis "would have us deem [Paro's] claims nonjusticiable on grounds that are prudential, rather than constitutional, that request is in some tension with . . . the principle that a federal court's obligation to hear and decide cases within its jurisdiction is virtually

---

[3] Paro may, however, be able to recoup its coverage-action costs from Willis if Paro prevails in this case. "[U]nder New York law, where the litigation is caused by the wrongful act of a third party, the person is entitled to recover from the third party the reasonable value of attorneys' fees and other expenses thereby suffered or incurred." *Goldberg v. Mallinckrodt, Inc.*, 792 F.2d 305, 309 (2d Cir. 1986) (cleaned up); *see also Coopers & Lybrand v. Levitt*, 52 A.D.2d 493, 496 (1st Dep't 1976) ("If, through the wrongful act of his present adversary, a person is involved in earlier litigation with a third person in bringing or defending an action to protect his interests, he is entitled to recover the reasonable value of attorneys' fees and other expenses thereby suffered or incurred.") (quotation marks omitted).

[4] Our analysis does not change merely because Paro's total litigation costs from the pending coverage action cannot yet be calculated. The amount of damages a plaintiff suffers due to a defendant's conduct is a separate issue from whether the plaintiff suffers "an ongoing and tangible financial harm" that supports Article III standing. *Moreira v. Société Générale, S.A.*, 125 F.4th 371, 385 (2d Cir. 2025) (quotation marks omitted); *see Amato v. City of Saratoga Springs*, 170 F.3d 311, 318 (2d Cir. 1999) (distinguishing between "injury," which is "a substantive element of the cause of action" for most torts, and "the amount of damages awardable," which "is decided by the amount of injury caused"). In light of our conclusion that Paro's coverage-action litigation costs make this action ripe, we do not address Paro's arguments that its litigation costs in the lead-paint lawsuit and in this case also make its claims ripe.

unflagging." *Susan B. Anthony List*, 573 U.S. at 167 (cleaned up). Even so, Paro's claims are prudentially ripe. First, the issue presented is whether the Complaint alleges sufficient facts to state a claim for negligence or negligent misrepresentation, and that inquiry is a question of law. *See Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). Second, the "hardship" factor supports deciding this legal issue now. *Variscite*, 152 F.4th at 58 (quotation marks omitted). Paro's coverage-action litigation costs will continue to accrue. And "rendering an answer" to the "legal question" of whether the Complaint states a claim "would impose no hardship on [Willis], which has an interest in judicial efficiency and clarification of the law." *Id.* at 59 (quotation marks omitted).[5]

## II. Negligence and Negligent Misrepresentation

We turn to the merits and decide whether the district court erred in its alternative holding that the Complaint fails to state a claim for negligence or negligent misrepresentation.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," but it need not include "detailed factual allegations." *Id.* (quotation marks omitted).

---

[5] We note that the date of accrual of Paro's claims turns on state law. Under New York law, "a claim against an insurance . . . broker relating to the failure of insurance coverage" that "sounds in tort" accrues "when coverage was denied"—not, as in other states, when litigation between an insured and insurer comes to an end. *Bonded Waterproofing Servs., Inc. v. Anderson-Bernard Agency, Inc.*, 86 A.D.3d 527, 530 (2d Dep't 2011) (quotation marks omitted); *see Stephens v. Worden Ins. Agency, LLC*, 859 N.W.2d 723, 733 (Mich. Ct. App. 2014) (surveying cases). Under New York's rule, Paro's claims ripened when its insurer denied coverage in 2021.

6

A.    Negligence

"Under New York law, the elements of a negligence claim are: (i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach."  *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 215 (2d Cir. 2002); *see Klein v. Cath. Health Sys. of Long Island, Inc.*, 231 A.D.3d 797, 799 (2d Dep't 2024).   The district court concluded that the Complaint fails to state a claim for negligence because it does not adequately allege that Willis owed a duty to Paro to give the lead-paint notice to the insurer.   We disagree.

"Under New York law, . . . a broker . . . generally owes the insured no more than the common-law duty to procure the insurance coverage that the insured requests."  *GlobalNet Financial.com, Inc. v. Frank Crystal & Co., Inc.*, 449 F.3d 377, 383 (2d Cir. 2006) (citing *Murphy v. Kuhn*, 90 N.Y.2d 266, 269-70 (1997)).   "Nevertheless, if an insured asks the broker to take on additional responsibilities above and beyond procuring specifically requested coverage, and the broker agrees to do so, a duty is created that the broker must execute with reasonable care." *Martin Assocs., Inc. v. Ill. Nat'l Ins. Co.*, 188 A.D.3d 572, 573 (1st Dep't 2020); *see also Wied v. N.Y. Cent. Mut. Fire Ins. Co.*, 208 A.D.2d 1132, 1133 (3d Dep't 1994) ("In New York, the duty owed by an insurance agent to an insurance customer is ordinarily defined by the nature of the request a customer makes to the agent.").

Applying these principles here, we hold that the Complaint adequately alleges that Willis had a duty to transmit the lead-paint notice to the insurer.   The Complaint alleges that Paro instructed Willis to convey the notice to the insurer and that Willis and its employees made "representations . . . that notice would be provided."   App'x at 12; *see also id.* ("[Willis] asserted it would take care of [Paro's] insurance needs, including notifying [the insurer] of the claim made in 2014 for lead paint exposure.").   These representations, the Complaint alleges, gave rise to a

7

duty on Willis's part to convey the notice to the insurer.[6]   Paro's allegations, if true, would establish that Paro asked Willis to "take on [an] additional responsibilit[y] above and beyond procuring" coverage and that Willis "agree[d] to do so."   *Martin*, 188 A.D.3d at 573.   That agreement imposed on Willis a duty to notify the insurer, a duty Willis had to "execute with reasonable care."   *Id.*

Willis contends that Paro's allegations "do not establish the specific agreements or routine course of business [between Paro and Willis] that courts have found can create a special relationship" giving rise to a duty to notify the insurer.   Appellee's Br. at 19.   But the Complaint alleges that Willis agreed to give the lead-paint notice to the insurer.   The Complaint need not include "detailed factual allegations" about the agreement, *Iqbal*, 556 U.S. at 678 (quotation marks omitted), and Willis does not identify caselaw holding that allegations like Paro's are too vague. Nor does Willis identify authorities holding that an insured that sues its broker for negligently failing to transmit one notice to its insurer must allege that the broker referred notices to the insurer as a matter of routine.   Under New York law, the Complaint adequately alleges that Willis owed Paro a duty to give the lead-paint notice to the insurer based on Paro's instruction to convey the notice and Willis's representations that it would do so.

Paro adequately alleges the remaining elements of its negligence claim.   Paro alleges that Willis breached its duty by not sending the notice to the insurer.   And Paro alleges injury substantially caused by that breach.   As detailed above, Paro asserts that Willis's failure to notify

---

[6] The Complaint alleges that Willis's duty to Paro arose from other factors as well, including their "business relationship," "the verbal and written agreements and understandings, and the standards of the industry."   App'x at 11-12.   We conclude that the Complaint adequately alleges the existence of a duty based on Paro's instruction to Willis to notify the insurer and Willis's representations that it would do so. We thus need not consider Paro's other allegations regarding the source of the duty.

8

the insurer caused the insurer to decline coverage in connection with the lead-paint lawsuit, forcing Paro to litigate a costly coverage action. Paro thus states a claim for negligence.[7]

### B. Negligent Misrepresentation

Under New York law, a plaintiff seeking to hold a defendant liable for negligent misrepresentation must prove that "the defendant made a false representation that he or she should have known was incorrect." *Hydro Invs., Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 20 (2d Cir. 2000) (citing, inter alia, *Eiseman v. State*, 70 N.Y.2d 175, 187 (1987)). Willis's alleged promise to convey the lead-paint notice to the insurer is not actionable as a negligent misrepresentation.

To support a claim for negligent misrepresentation, the statement at issue ordinarily "must be factual in nature and not promissory or relating to future events that might never come to fruition." *Hydro*, 227 F.3d at 20-21; *see Capricorn Invs. III, L.P. v. CoolBrands Int'l, Inc.*, 66 A.D.3d 409, 409 (1st Dep't 2009) ("The court correctly dismissed the claim of negligent misrepresentation because it is predicated upon promises of future conduct, rather than statements as to existing material fact.") (quotation marks omitted). "[A]n alleged misrepresentation related to promised future conduct" may be actionable, though, if there is an "indication that the party that allegedly made the misrepresentation did not intend to honor its commitment at the time the alleged misrepresentation was made." *Transit Mgmt., LLC v. Watson Indus., Inc.*, 23 A.D.3d 1152, 1155 (4th Dep't 2005) (cleaned up).

The Complaint does not state a plausible claim for negligent misrepresentation based on Willis's promise to convey the notice to the insurer. The Complaint alleges that Willis "never provided the notice it represented that it would provide." App'x at 12. But the Complaint does

---

[7] The district court concluded that the negligence claim, to the extent it relies on Willis's representations that it would notify the insurer, "must be dismissed as duplicative of [Paro's] negligent misrepresentation claim." App'x at 68. We uphold the district court's dismissal of the negligent-misrepresentation claim, so we need not consider whether the two claims are duplicative.

not allege that Willis made these representations with the intention of never conveying the notice to the insurer. Willis's promissory statements are thus not actionable as a negligent misrepresentation. Paro contends that the representations "constituted a material fact" rather than mere promissory statements. Appellants' Br. at 27. Paro cites no authority for this argument, which runs counter to the caselaw distinguishing between "promises of future conduct" and "statements as to existing material fact." *Capricorn*, 66 A.D.3d at 409 (quotation marks omitted). Willis's representations were plainly the former, and the district court properly dismissed Paro's negligent-misrepresentation claim based on those statements.

\* \* \*

For the foregoing reasons, the judgment of the district court is **AFFIRMED** as to its dismissal of the negligent-misrepresentation cause of action for failure to state a claim, **REVERSED** as to its dismissal of the Complaint as unripe and its dismissal of the negligence cause of action for failure to state a claim, and **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court